MEYER *vs.* VAN COLLEM and others.

TURNER *vs.* THE SAME.

FRANKENHEIMER and another *vs.* THE SAME.

Where a complaint contains a good cause of action against several defendants, who are partners, upon contract, and prays judgment therefor, it is not rendered demurrable by going on to allege the insolvency of the defendants, and the confession of a judgment by them to defraud their creditors; and asking for an injunction and a receiver.

If a complaint, in addition to the statement of a good cause of action, contains unnecessary and improper matters, the remedy of the defendant is to move to have the improper matter stricken out.

APPEAL from an order made at a special term, overruling a demurrer to the complaint.

*By the Court,* SUTHERLAND, J.   The complaints in these three cases may be considered as identical, in looking at the questions raised by the demurrers to the complaints.   Each complaint states an indebtedness from the firm of De Young, Newman & Schmidt, to the plaintiff, or plaintiffs, setting out the origin or consideration of such indebtedness, and asks for a judgment for the amount of such indebtedness, against all the defendants.   The complaints then allege certain facts to show Van Collem liable as a general partner, although orig-

Meyer *v.* Van Collem.

inally, by the terms of the partnership agreement, he was to be a special partner only, and liable only as such. The complaints also allege a secret, collusive and fraudulent confession of judgment by De Young, Newman & Schmidt to Van Collem, for the purpose of hindering, delaying and defrauding the creditors of the firm ; that the defendants, except Van Collem, are insolvent ; ask a temporary injunction, restraining all the defendants from assigning or disposing of the partnership property, except by general assignment for the benefit of all the creditors pro rata and equally ; and for an injunction restraining Van Collem from proceeding on, or enforcing his judgment, or the execution which had been issued thereon and was then in the hands of the sheriff ; and for a receiver.

The grounds of demurrer are : 1st. That the complaints do not contain sufficient facts to constitute a cause of action. 2d. That several causes of action have been improperly united.

The code, § 2, defines an action to be an ordinary proceeding in a court of justice by one party against any other party, for the enforcement or protection of a right, the redress or prevention of a wrong, &c. A *cause of action* may be defined to be the right which a party has to institute and carry through such a proceeding. The complaint states the facts showing this right. The unity of the *right* to be enforced or of the *wrong* to be redressed, constitutes the unity of the action. The kind of action or proceeding depends on the nature of the right to be enforced, or wrong to be remedied ; but the kind or the multifariousness of the proceedings in an action, does not affect the unity of the action ; which depends solely on the unity of the right to be completely enforced, or the wrong to be completely redressed.

In actions to collect debts, the wrong is the detention or non-payment of the debt ; and the wrong has been completely redressed when the creditor has got his money. The ordinary action or proceeding for the collection of a debt ends with judgment and execution ; for ordinarily judgment and execution enforce the collection or payment of the money ; but if

they do not, then the creditor having acquired an additional right, or a specific lien on the concealed property of his debtor, can commence other proceedings, or a new action in aid of his judgment and execution to recover his debt, either for the purpose of discovering any concealed property or removing any fraudulent obstruction in the way of his execution. Without such judgment and execution he has no *new* or *other* *cause* of action, and no greater or better right to the property of his debtor, or the proceeds thereof, than any other creditor in like position.

Now in these actions the complaints set forth an indebtedness, and facts to show that Van Collem is liable with the other defendants, and claim a judgment against all the defendants for the debt. The facts stated appear to be sufficient to make Van Collem so liable. The complaints do therefore severally contain one cause of action, and ask for the ordinary judgment or remedy for the recovery of money. The first ground of demurrer is not, therefore, well taken.

But because the complaints not only ask for judgment, but ask for a receiver, an injunction, and in effect to set aside the fraudulent judgment confessed to Van Collem, remedies which the plaintiffs are clearly not entitled to before they have got their judgments ; (*Reubens* v. *Joel*, 3 *Kern.* 488,) does it follow that they contain another cause of action, or more than one cause of action ? Certainly not ; because these remedies are asked for the purpose of collecting the *same* debt ; or in other words, as means to redress but *one* wrong, and the same wrong. After judgment and execution the plaintiffs will have new rights ; any obstruction of which may call for or authorize these or other additional remedies for the collection of the same debt ; and although for the collection of the same debt, they may be in a new or *another* action, because the same wrong is not to be redressed ; but the plaintiffs as judgment and execution creditors, are deprived of newly acquired rights.

The complaints in these cases contain severally, facts suffi-

cient to constitute one good cause of action and a right to one remedy, the ordinary one of a judgment against all the defendants. All you can say about the other matters stated in the complaints and the other remedies asked for is, that the plaintiffs ask for more than they are now entitled to, and have unnecessarily and improperly inserted in their complaints various matters with a view to such additional premature remedies. They are liable to have these unnecessary and improper matters stricken out on motion, with costs, but I do not see that under the code they can suffer any other penalty, or the defendants have any other remedy.

If there is in these complaints more than one cause of action, no doubt they have been improperly united; but I have endeavored to show that there is but one cause of action, and the second cause of demurrer is not, therefore, well taken.

The two grounds of demurrer are inconsistent with each other. If the facts stated in the complaints constitute two causes of action, they must constitute one.

The judgments of the special term, for the plaintiffs, on demurrer, must be affirmed with costs.

