BETSEY COBB, adm'x &c. of Harriet Manchester, deceased, *appellant, vs.* JUSTUS BEARDSLEY, adm'r *cum testamento annexo, de bonis non* of Orra Manchester, deceased, *respondent.*

Where one dies without leaving a child, father or brother him surviving, having made a will by which he appointed his wife sole executrix, and the executrix subsequently dies, intestate, leaving assets of the testator unadministered, it is competent for the surrogate, upon the application of a sister of the testator, to appoint her husband administrator *cum testamento annexo, de bonis non* of the testator; and this without citing any one to appear and show cause, &c.

Such citation is only required where there are persons having a prior right to the sister of the deceased, or other person applying for letters of administration.

APPEAL from an order of the surrogate of the county of Monroe, appointing the respondent administrátor *cum testamento annexo, de bonis non* of Orra Manchester, deceased. The deceased, who was a resident of the town of Perrinton in the county of Monroe, died on the 13th day of November, 1859. He left a will dated July 28, 1856, by which he made his wife, Harriet Manchester, his sole devisee and legatee, and appointed her his sole executrix. She proved the will, before the surrogate of Monroe county, on the 25th day of January, 1860, and on the same day received letters testamentary thereon. She died intestate, in the city of Rochester, on the 8th day of November, 1860, leaving certain assets of the said Orra Manchester unadministered, and on the 16th day of the same month (Nov. 1860) letters of administration were granted, upon her estate, to the appellant, Betsey Cobb. At the death of Orra Manchester he left his mother, Elizabeth Manchester, and several sisters, him surviving, one of whom, Lucy Beardsley, was and is the wife of the respondent, Justus Beardsley, an inhabitant of the said town of Perrinton; but the said Orra left no children, father or brother.

Shortly after the probate of the will of the said Orra Man-

chester and the issuing of letters testamentary thereon as aforesaid, the said Justus Beardsley instituted or caused to be instituted against the said Harriet Manchester, as executrix of the will of Orra Manchester, an action in the supreme court, wherein the said Elizabeth Manchester was plaintiff, for the purpose of charging the said Harriet Manchester, as such executrix, with the payment of five dollars per week for the support of the said Elizabeth since the death of the said Orra Manchester, and so long as the said Elizabeth should live. That action was duly defended by Harriet Manchester until her death, at which time issue had been joined therein.

Soon after the issuing of letters of administration upon the estate of Harriet Manchester, deceased, to the appellant, Betsey Cobb, and on the 19th day of November, 1860, the appellant, Betsey Cobb, presented her petition to the surrogate of Monroe county for her appointment as administratrix with the will annexed of the goods, &c. of the said Orra Manchester, deceased, left unadministered by his executrix, Harriet Manchester, at the time of her death, on the ground that she claimed to be a creditor of the said Orra Manchester at the time of his death. While proceedings on that petition were pending before the surrogate, and on the 27th day of November, 1860, the respondent, Justus Beardsley, and Lucy his wife, presented a petition to the same surrogate for the appointment of the said Justus to the like office as that prayed for by Betsey Cobb. On the presentation of the last mentioned petition both the appellant and the respondent were present, with their respective counsel, and various objections were urged, on the part of the appellant, against the appointment of the respondent; among which was the objection that the testator, at the time of his death, left him surviving his mother, as one of his heirs at law and next of kin, who was then living, and had not renounced her right to letters, nor been served with any citation to show cause against the application.

The surrogate held the matter under advisement until January 10, 1861, when he made the order appealed from.

*D. B. Beach,* for the appellant.

*M. S. Newton,* for the respondent.

*By the Court,* WELLES, J. When all the executors or administrators of a testator or intestate shall die, become lunatic, convict of an infamous offense, or otherwise become incapable of executing the trust reposed in them, or the power or authority of all of them shall be revoked according to law, the surrogate having authority to grant the letters originally, shall issue letters of administration upon the goods, chattels, credits and effects of the deceased, left unadministered, with the will annexed, or otherwise, as the case may be, to the widow or next of kin, or creditors of the deceased, or others, in the same manner as directed in relation to original letters of administration. (2 *R. S.* 78, §§ 44, 45. 3 *id.* 5*th ed. pp.* 162, 163.) Administration, in cases of intestacy, shall be granted to the relatives of the deceased, in the following order: First, to the widow; second, to the children; third, to the father; fourth, to the brothers; fifth, to the sisters; sixth, to the grandchildren; seventh, to any other of the next of kin. (2 *R. S.* 74, § 27. *Id.* 5*th ed. pp.* 158, 159.) When a married woman is entitled to administration, the same may be granted to her husband, in her right and behalf. (2 *R. S.* 75, § 32, *as amended in* 1830. *Laws of* 1830, *ch.* 321, § 18. 3 *R. S.* 159, 160, § 32.) When any person shall apply for administration either with the will annexed or in case of intestacy, and there shall be any other person having prior right to such administration, the applicant shall produce, prove and file with the surrogate a written renunciation of the persons having such prior right. If he fail to do so, then citations shall be issued, requiring the

persons having prior right, to show cause, &c. (2 *R. S.* 76, § 35. *Id. 5th ed.* 160.)

Orra Manchester having died without a child, father or brother, and his widow having died before the commencement of the proceedings before the surrogate which resulted in granting the order appealed from, it was competent for the surrogate to appoint the husband or husbands of one or more of his sisters. Mrs. Beardsley, the wife of the respondent, was one of his sisters, and on her application it was regular to appoint her husband the administrator, in the present case, without citing any one to appear and show cause, &c. Such citation is only required where there are persons having a prior right to. the sister of the deceased, or other person applying; and in this case it was shown that there were no such persons living, at the time the proceedings were had.

In our opinion there was nothing shown rendering it improper to grant the letters to the respondent.

The order should be affirmed, with costs.

Ordered accordingly.

[MONROE GENERAL TERM, March 3, 1862. *Welles, E. Darwin Smith* and *Johnson*, Justices.]