## SUPREME COURT.

ANTHONY SIMMONS, Executor, &c. agt. CLINTON ELDRIDGE,
and others.

A *complaint* should not be *dismissed* because it contains matter which is *irrelevant* or *redundant*, or allegations which are considered *indefinite* and *uncertain*—such defects are to be remedied by motion under section 160 of the Code.

If a complaint contains allegations of facts which under any reasonable and proper view of them constitute and present a *cause of action*, although informal, it should not be dismissed.

*Albany General Term, May,* 1865.

*Before* HOGEBOOM, PECKHAM *and* INGALLS, *Justices.*

THIS is an appeal from a judgment entered upon the report of a referee dismissing the complaint in the above action. The facts so far as they are essential to a disposition of the appeal, appear in the following opinion.

SAMUEL HAND, *for appellant.*

WILLIAM H. YOUNG *and* DEWITT C. BATES, *for respondents.*

By the court, INGALLS, J. It appears from the report of the referee, that he disposed of the case upon the opening of the counsel for the plaintiff, without evidence. It also appears that the plaintiff's counsel in such opening,

stated the facts more minutely, but substantially as alleged in the complaint in this action. The only question presented upon this appeal is, whether there are facts stated in the complaint which entitle the plaintiff to give evidence in support of a cause of action therein alleged. The complaint alleges that the plaintiff in 1859, was duly appointed executor of the will of Elisha Eldridge, deceased; that in March, 1860, the plaintiff as such executor, recovered a judgment in the supreme court against the defendant, Clinton Eldridge, for moneys paid by the testator as his indorser, &c., amounting to $451.31; that execution was duly issued and returned unsatisfied; that $451.31, with interest, was still due on the judgment when the action was commenced; that by the foreclosure of a mortgage the legal title of said Clinton Eldridge to certain real estate was divested, for the purpose of placing the same beyond the reach of his creditors, and beyond the reach of the plaintiff's judgment, and enabling the said Clinton Eldridge to control the same and the avails thereof. The complaint also contains this further allegation : " And the said plaintiff further says, that the said Clinton Eldridge has property, personal, and interest in property real, in the sum of over $7,000, held in trust or controlled for him by the said Betsey Moyer and Henry Moyer, by a colorable, fraudulent transfer of his property to the said Betsey and Henry Moyer, for the purpose of placing the same beyond the reach of the claims of his creditors, and enabling him to enjoy the avails thereof." The relief demanded in the complaint is in substance that the said property be applied to the payment of the plaintiff's judgment, &c. The plaintiff duly excepted to the decision of the referee dismissing the complaint.

I am of opinion that the referee erred in dismissing the complaint. The sufficiency of this complaint is to be determined not according to the strict rules of pleading which existed previous to the Code, but in the light of the

more liberal system introduced by the Code. Section 140 of the Code provides, "all forms of pleading heretofore existing are abolished, &c." *Jordan Plank Road* agt. *Mallory* (23 *N. Y.* 553), DENIO, J., says : "In pleading under the Code it is sufficient to state the facts from which the law infers a liability or implies a promise." *Wright* agt. *Hooker* (10 *N. Y.* 59), EDWARDS, J., says : "The very object of the new system of pleading was to enable the court to give judgment according to the *facts stated and proved, without reference* to the form used, or to the legal conclusion adopted by the pleader." *Zabriskie* agt. *Smith* (13 *N. Y.* 330), DENIO, J., remarks : "Under our present system of pleading I conceive that a pleading should contain the substance of a declaration under the former system. *It is sufficient*, however, that the requisite *allegations can be fairly gathered* from all the averments of the complaint, though the statement of them may be argumentative, and the complaint deficient in technical language." (*See also Emery* agt. *Pease*, 20 *N. Y.* 62.) *Butterworth* agt. *O'Brien*, (24 *How.* 440), INGRAHAM, J., says : "In fact under the late decisions in the court of appeals we are not to pay any attention to forms, if we can find in the complaint *any allegations, which under any view of them* may give the plaintiff a right to recover." In the last case the referee dismissed the complaint, and the judgment was reversed.

· I think it quite apparent that the facts above stated present a cause of action, and if sustained by evidence would entitle the plaintiff to recover. There is alleged the existence of a debt, the recovery of judgment, the issuing and return of execution, the transfer of property of the judgment debtor, with intent to remove the same beyond the reach of the creditors of Eldridge, and beyond the reach of plaintiff's judgment, yet placed in such a situation as to enable Eldridge to control the same, and enjoy the avails thereof. The law would be lame indeed, if upon such a state of facts a judgment creditor could be prevented from

reaching the property of the judgment debtor. It is not a fatal objection to a complaint, upon motion to dismiss the same, that it contains matter which is irrelevant or redundant, or that the allegations of the pleading are indefinite or uncertain. Such defects are to be remedied by motion under section 160 of the Code (*Moyer* agt. *Van Collen*, 28 *Barb.* 230, 233).

The judgment must be reversed and a new trial ordered, with costs to abide the event.