Thornton agt. St. Paul and Chicago Railway Co.

## N. Y. COMMON PLEAS.

HENRY THORNTON *et al.* agt. THE ST. PAUL AND CHICAGO
RAILWAY COMPANY *et al.*

An *agreement* to secure, by pledge or mortgage, will be enforced in equity.
All persons taking the property agreed to be given as such security take it
    impressed with the trust.
All such persons are proper parties to an action to enforce such trust,
    although they may have taken the property in different parcels under
    separate and distinct contracts.
Where one of the plaintiffs was a resident of the city of New York, where
    one of the agreements was to have been performed,—*Held*, that this
    court has jurisdiction of the action.

APPEAL from an order overruling demurrer.

F. N. BANGS, *for appellant.*

*First.* The complaint states more than one cause of action.
1. From fols. 5 to 58 it states the making of certain agree-
ments with the St. Paul and Chicago Railway Company,
which, it says, are as yet unperformed by that company, and
on which it is alleged there exists an indebtedness of
$105,000 in currency and 3,000 shares of stock.  Then it,
alleges that the Minnesota Railway Construction Company
assumed these contracts and indebtedness.  Then it alleges
that the Milwaukie and St. Paul Railway Company assumed
this indebtedness.  Then it demands judgment against all
the defendants for the amount of this indebtedness.  Thus
it is evident that the complaint contains and was intended
to contain an entire series of averments, constituting by
themselves one cause of action against all the defendants,

arising upon express written contracts, which the defendants are alleged not to have performed.

2. At fol. 60 it is alleged that the plaintiffs are stockholders in the St. Paul and Chicago Railway Company and own 3,000 shares of its capital stock. Then it is alleged that the defendants, with "intent to make way with the plaintiffs' property, have combined, conspired and contracted together" to surrender the property of the St. Paul and Chicago Railway Company to the Milwaukie and St. Paul Railway Company. Then it alleges that "said parties combined, conspired and confederated to make a pretended agreement to convey to the Minnesota Railway Construction Company the property of the St. Paul and Chicago Railway Company, which contract was wrongfully made in fraud of plaintiffs' rights." At fol. 77 the plaintiffs ask judgment, declaring these transfers void, and they bring suit on behalf of themselves and all others similarly situated.

3. Thus a cause of action in favor of the plaintiffs, as creditors, being a cause of action in which the plaintiffs alone are interested, and which they hold in their own right, is united with a cause of action in which others are interested, and which the plaintiffs can maintain only as representatives.

*Second.* The causes of action thus joined in the complaint cannot be joined under section 167 of the Code; *i. e.*, a cause of action to recover money and property due upon an express contract cannot be joined with a cause of action for combining and conspiring to deprive the plaintiff of his property, and the property of others on whose behalf he sues. These do not belong to the classification of "contracts express or implied," nor any other classification expressed in section 167. They do not arise out of the same transaction, nor are they connected with the same subject of action.

*Third.* The causes of action united in this complaint are inconsistent with each other. The plaintiffs, as creditors of the St. Paul and Chicago Railway Company, bring suit against the Milwaukie and St. Paul Railway Company upon

the express assumption of the debt, and at the same time bring suit to set aside the contract of which the alleged assumption of the debt was a part.

*Fourth.* So much of the complaint as alleges that the plaintiffs are stockholders of the St. Paul and Chicago Company, and as alleges that the Minnesota Railway Construction Company intends to misappropriate lands granted to the St. Paul and Chicago Company, is evidently intended to state a cause of action against the Minnesota Railway Construction Company alone; and a cause of action against that company alone cannot, under section 167 of the Code, be joined with causes of action against the other defendants.

*Fifth.* So far as the complaint alleges an intended appropriation by the Minnesota Railway Construction Company of lands granted to the St. Paul and Chicago Railway Company, that cause of action is without merits. No facts are stated showing that such intended appropriation is wrongful.

*Sixth.* A cause of action in favor of the plaintiffs alone, in their own right, cannot be united with a cause of action in their favor as representatives of a class.

*Seventh.* If this suit is not brought by the plaintiffs as stockholders, but only as creditors of the St. Paul and Chicago Railway Company, then the complaint does not state facts sufficient to constitute a cause of action against the defendants for a fraudulent disposition of the property of that company. Creditors at large have no specific lien upon or interest in the property of their debtor, and, before judgment in their favor as creditors, have no right by action to pursue the debtor's property in the hands of other persons, nor can they even do so after judgment without showing that the collection of their judgment is prevented by the obstruction complained of.

*Eighth.* The defendants were entitled to judgment on the demurrers, and the order appealed from should be reversed.

ADDITIONAL POINTS FOR APPELLANTS.

I. The proposition is conceded to be, within certain limits, true, that a legal cause of action may be united with an equitable cause of action. But,

II. This is not a case in which the plaintiffs are entitled to the benefit of that rule. Such causes of action may be united for the purpose of mutual support, but not for the purpose of mutual destruction. A plaintiff cannot enforce a contract in the same action in which he seeks to nullify it.

1. Can I bring an action against A. to recover the amount of his note given on the purchase of land by him from me, and at the same time, in the same complaint, allege that he defrauded me out of the land, and ask judgment for a reconveyance?

2. Can I bring an action against A. and B. to compel B. to pay A.'s note, which B. assumed to pay in consideration of a transfer of land from A. to B., and can I at the same time as a judgment creditor of A., *and on behalf of myself and all other creditors of A.*, unite in the same complaint a cause of action to set aside the conveyance from A. to B.?

3. If I can, there would be two inconsistent judgments in the same suit.

4. Here the plaintiffs, as creditors, want the benefit of contracts made with the St. Paul and Chicago Company by the Milwaukie and St. Paul Company. At the same time, as stockholders, the plaintiffs, *on behalf of themselves and all other stockholders*, want to set aside and rescind the contract of which, as creditors, they claim the benefit.

D. M. PORTER, *for respondent.*

The plaintiffs contracted with the St. Paul and Chicago Railway Company to build its road. The plaintiffs, prior to December 31st, 1867, had expended $105,000 under the contract in building the road. Thereupon the parties canceled the first agreement, and the St. Paul and Chicago Railway

Company agreed to pay the plaintiffs said $105,000 and interest, and as security to deliver to the plaintiffs $140,000 of the bonds of said company. An additional contract was made for the sale and delivery of a quantity of railroad iron ; that said railway company afterwards waived performance of said contract, and agreed to deliver to the plaintiffs $300,000 of the capital stock of said railway ; that the plaintiffs own said $300,000 of the capital stock of said railway company. The contract provided that the plaintiffs alone should control the road, and that they should be stockholders under and by virtue of said contract ; that afterwards the Minnesota Railway Construction Company took a transfer of *all the lands, stock and bonds* of said railway company, *including* the plaintiffs', and assumed and agreed to pay the plaintiffs' claim, and deliver the stock *upon the trust so to do ;* that the Milwaukie and St. Paul Railway Company also made a similar agreement with the Construction Company *upon a similar trust*, but did not receive the land ; that said contracts and transfers were wrongfully and fraudulently made.

In other words, facts are set out making the defendants liable to the plaintiffs, as trustees, to perform said contracts between the plaintiffs and the St. Paul and Chicago Railway Company, the transfer of our bonds and stock; and the facts under which the transfers were made, make the transfers and contracts between the defendants void as to the plaintiffs, and the defendants have our security for our money and stock, and one of the plaintiffs is a resident of the city of New York.

I. One of the plaintiffs being a resident of this city, the cause of action having arisen here, *i. e.*, is to be performed here, the action is maintainable in this court (*Laws* 1873, *chap.* 239 ; *Murray* agt. *Vanderbilt*, 39 *Barb.*, 140 ; *Abbott* agt. *Hard Rubber Co.*, 33 *id.*, 578).

The action is not brought to interfere with the franchise of a foreign corporation, but to enforce a right disconnected with such franchise.

The demurrer is a joint one, and it is conceded there is a

good cause of action against the St. Paul and Chicago Railway Company. ·The demurrer must be overruled (*Stuyvesant agt. The Mayor*, 11 *Paige*, 415 ; *The People* agt. *The Mayor*, 28 *Barb.*, 240).

"If there is one good cause of action stated in the complaint, the demurrer must be overruled. If the complaint is not definite and certain, the remedy is not by demurrer, but by application under section 160 of the Code" (*Hale* agt. *The Omaha Nat. Bank*, 49 *N. Y.*, 626).

Equity will consider that done which ought to have been done (1 *Story's Eq.*, § 64 ; *Crary* agt. *Leslie*, 3 *Wheat.*, 578).

This action is brought for the specific performance of the contract to deliver bonds *as security* which a court of equity will always enforce (*Hale* agt. *Omaha Nat. Bank, supra ; Story's Equity*, §§ 717, 724, 724 *a*).

All of the defendants are liable to the plaintiffs for the sum secured, and are necessary parties to foreclose the security (*Story's Eq.*, 1044).

The facts are stated as they are, and as they can only be proved in the facts making up the transactions ; and the fraudulent combinations are stated as they occurred, and they make one good cause of action ; and equity having acquired jurisdiction, and having all of the parties before it, will administer complete and full relief upon all the facts, although some of the relief may be such as could, standing alone, only be administered in a court of law (*Rathbone* agt. *Warren*, 10 *Johns.*, 587 ; *Miller* agt. *McCan*, 7 *Paige*, 451 ; *Story's Eq.*, § 64 ; *Frost* agt. *Myrick*, 1 *Barb.*, 362).

The defendants received the bonds and stock, with notice of the plaintiffs' lien, and consequently hold the property in trust, and the contracts between the defendants are void as to the plaintiffs (*Abbott* agt. *Hard Rubber Co., supra ; Bangs* agt. *Blue Ridge R. R. Co., MSS. ; Tiffany & Bullard on Trusts*, 105 ; *Story's Eq.*, §§ 1044, 1039 *to* 1058, 792, 1212).

The plaintiffs are entitled to have their bonds and stock

restored or their proceeds (*Tiffany & Bullard on Trusts*, 198; *Colt* agt. *Lansing*, 9 *Cow.*, 330).

All of the allegations in the complaint are transactions connected with the same subject of action (§ 167 of the Code, subdivision 1), to wit, a conspiracy and fraud, and even if not stated separately, is not ground for demurrer (*Bass* agt *Comstock*, 38 *N. Y.*, 21).

Even alleging fraud in any action on contract does not make it an improper joinder (*Campbell* agt. *Wright*, 21 *How.*, 9), and if either cause of action is well pleaded a demurrer is improper. The parties need not all be equally affected (*Vermaule* agt. *Beck*, 15 *How.*, 333). Equity having the parties before it, will make a proper judgment.

A history of the transactions is only given. A complaint may be obnoxious to a motion and not demurrable. Stating several grounds of complaint is not necessarily stating several causes of action (*Durant* agt. *Gardner*, 10 *Abb.* [*O. S.*], 445). Even several causes of action may be stated as one and not be obnoxious to a demurrer (*Longworthy* agt. *Knapp*, 4 *Abb.* [*O. S.*], 115; *Adams* agt. *Holly*, 12 *How.*, 329).

No stockholder has made himself a party. Consequently the plaintiff is the only party plaintiff, and inasmuch as the misconduct of the defendants has made an action necessary, the court can and will determine the equities of all the parties before it (*Rathbone* agt. *Warren*; *Miller* agt. *McLean*; *Frost* agt. *Myrick*, *supra*).

The order should be affirmed, with costs.

### ADDITIONAL POINTS FOR RESPONDENTS.

I. The contracts out of which our cause of action arises are set out in the complaint, and nothing more. These contracts are the basis of our action, and the whole of it.

The respondents cannot set out any legal cause of action under the contracts except the contracts themselves. Neither can they set out any equitable cause of action except the contracts themselves. This is all that has been done, leaving to

the court what kind of relief shall be given upon or under the contracts; consequently, there is but one cause or class of action stated in the complaint. A demurrer is not the proper manner to compel a party to an election of remedies; that can only be done by motion, nor can it be compelled in this action, because we set out our contracts, and ask the court to adjudge what our rights are; that the $140,000 of bonds were to be delivered to respondents as *security*, where it is distinctly stated in the contract they are to be placed as "*collateral.*"

It is also insisted that the stock was retained by the defendants as security and in trust for the respondents. The whole assets were placed in Mr. Rice's custody as security for our money, stock and bonds. The whole complaint is to be taken together, and the averment that they owned the stock is no more than averring the legal effect of what is stated. It is expressly stated that, with the assent of all the parties, the stock and bonds were placed in the hands of Mr. Rice, as trustee, to deliver to the plaintiffs, and as security, *i. e.*, to pay the plaintiffs, and he never gave them over; that the respondents' *stock* and *bonds* went into the possession of the *Minnesota Railway Construction Company*, and that all of the other appellants (defendants) took the bonds and stock upon notice of the trust, but in addition that they expressly agreed to perform the trust.

What the appellants claim as setting up a legal and equitable cause of action is not such, because it is only stating what the transaction was, *and the whole of what was said and done.* The complaint does not state a separate legal and a separate equitable cause of action, but one cause of action.

There would be a variance on the trial if all the contracts were not set out.

The respondents are entitled to have either their bonds and stock upon the validity of the contracts and the appellants' agreement to perform, or else because they are void.

If the defendants have placed themselves in such a position

that a statement of the facts would entitle the respondents to a judgment upon an affirmance of the contracts, or because they are void, a demurrer cannot compel an election, inasmuch as only one cause of action is stated, *i. e.*, *one instrument*, as modified by the subsequent contracts, *is the basis of the action*.

It is error to say that the respondents ask relief as upon an affirmance and avoidance of the appellants' transactions. These transactions are only one cause of action, although the plaintiffs may be entitled to either legal or equitable relief (*Stevenson* agt. *Buxton*, 15 *Abb.*, 352; *Sheehan* agt. *Hamilton*, 2 *Keyes*, 304; *The N. Y. Ice Co.* agt. *The N. W. Ins. Co.*, 19 *N. Y.*, 357; *Wandle* agt. *Tierney*, 5 *Duer*, 661; *Barlow* agt. *Scott*, 24 *N. Y.*, 40; *Armitage* agt. *Pulver*, 37 *id.*, 494). The prayer to the complaint is not the subject of demurrer (*Hall* agt. *Hall*, 38 *How.*, 97; *Moses* agt. *Walker*, 2 *Hilt.*, 536; *Myer* agt. *Van Collum*, 28 *Barb.*, 230; *Andrews* agt. *Shaffer*, 12 *How.*, 443).

It is an old head of equity that chancery, having acquired jurisdiction, will adjudge the whole subject-matter between all the parties. Again, the parties, plaintiffs or defendants, need not have equal interests in a cause of action affecting all (*Vermeule* agt. *Beck*, 15 *How.*, 333).

But the plaintiffs are the sole parties plaintiffs, and they are entitled to have their bonds and stock restored to them; and whether any other judgment can be given is immaterial. That is a good cause of action, and, as before shown, is based upon one contract as modified. The plaintiffs may not be entitled to all of the relief asked. It is sufficient that they are to some of it, and that all the relief rests upon the contract, with its modifications, and all the defendants are connected with the same subject of action (*Subdivision* 1 *of section* 167 *of Code*).

LARREMORE, *J.*—Prior to June 9, 1868, the plaintiffs had agreed with the St. Paul and Pacific Railroad Company to

Thornton agt. St. Paul and Chicago Railway Co.

furnish certain sums of money to aid in the construction of a branch road belonging to said company. On the day last named the defendant, the St. Paul and Chicago Railway Company (the successor of the St. Paul and Pacific Railroad Company) entered into a written agreement with John G. L. Childs in behalf of the plaintiffs who were partners, reciting the former agreement, that there was due plaintiffs the sum of £14,870, 6s. 3d., or $105,000 in currency, with interest; and in consideration of the discharge of all liability therefrom, the said St. Paul and Chicago Railway Company thereby agreed to deliver to said Childs the first mortgage sever per cent land grant sinking fund bonds, to the amount of $140,000, par value, reserving the right to redeem the same upon payment of seventy-five cents to the dollar. Such bonds were to be delivered as collateral to the payment of certain acceptances to be given by said St. Paul and Chicago Railroad Company for a certain quantity of iron rails which plaintiffs were to purchase for said company.

It was further agreed that, in case of failure on part of plaintiffs to furnish and deliver said iron rails as provided, no title to said bonds was to pass, but the same were to be returned, and the claim of plaintiffs was to remain at £14,870, 6s. 3d., with interest, as an ordinary claim for moneys furnished against the said St. Paul and Chicago Railway Company.

It is then averred that an account was stated between said company and the plaintiffs, in and by which the sum of $105,000 was found due the latter.

This is followed by an allegation that plaintiffs offered to perform the said contract, but that said company waived the performance thereof in writing, and agreed that there was due to the plaintiffs upon said contract 3,000 shares of $100 each of the capital stock; that the plaintiffs could have delivered all of said iron for the amount stated in the contract, leaving said stock as profit, and that plaintiffs have sustained damage thereby; that there is now due plaintiffs

from said company what would be an equivalent to the 3,000 shares of capital stock of $100 each, under the contracts set forth in said complaint.

Then follow separate averments as to the transfer of the property and assets of said company to the defendant Rice in trust, and agreement by him to deliver to plaintiffs said 3,000 shares of stock, and pay said sum of $105,000 and interest, the transfer of Rice to the Minnesota Railway Construction Company, with like agreement and trust on the part of said last named company to pay plaintiffs and deliver said stock, the transfer by said latter company to the defendant, the Milwaukie and St. Paul Railway Company, of the trust estate and property, with full knowledge of the previous transaction and the trust thereby imposed, who, in consideration thereof, assumed and agreed to pay and discharge plaintiffs' claim, that such transfer of said property was in fraud of plaintiffs' rights. These several averments, as laid, raise the presumption of liability on the part of the defendants of a trust impressed upon the property as against defendants, the Minnesota Railway Construction Company and the Milwaukie and St. Paul Railway Company, so as to require an appropriation of said trust property for the payment of the said sum of $105,000, and the delivery of the 3,000 shares of said stock or their equivalent.

It is true that part of the relief sought is that said transfers and each of them be declared fraudulent and void, and that they be set aside; but demurrer will not lie to the prayer of the complaint (*Hall* agt. *Hall*, 38 *How.*, 97 ; *Moses* agt. *Walker*, 2 *Hilton*, 536 ; *Myer* agt. *Van Collum*, 28 *Barb.*, 230 ; *Andrews* agt. *Shaffer*, 12 *How.*, 443).

The cause of action is based upon the contracts set forth in the complaint and the subsequent acts of the defentants in dealing with said trust estate, and failure to satisfy the trusts relating thereto.

Upon the facts, as stated, it would appear that plaintiffs are entitled to some relief; and if defendants are aggrieved

Thornton agt. St. Paul and Chicago Railway Co.

by any of the averments in said complaint, which are unnecessary or indefinite, the remedy is by motion and not by demurrer (*Hall* agt. *The Omaha Nat. Bank.*, 49 *N. Y.*, 626).

Russell Sage, as president of the Minnesota Railway Construction Company, under the act of 1853, was a proper party defendant in order to charge that company for interfering with the trust estate, and to secure a final adjudication of the rights of all concerned; and the plaintiff Stephenson being a resident and inhabitant of the city of New York, in which place one of the contracts was to have been performed, the court had jurisdiction of the action.

The order overruling the demurrer should be affirmed.