LAMMERS & FLINT v. W. W. FLOYD.

No. 953.

**1. Plea of Privilege—Place of Performance—Draft.**

A draft drawn upon a Galveston firm and made "returnable in Galveston" shows upon its face a contract to be performed in Galveston County.

**2. Venue—Plea as to—When Not Applicable.**

Where there was no denial in the answer that the defendant signed the instrument sued upon, which upon its face imported a contract to be performed in the county where suit was brought, a plea to the venue was not applicable.

APPEAL from the County Court of Galveston. Tried below before Hon. W. B. LOCKHART.

*W. B. Denson,* for appellants.—Where a written contract requires the payment of a sum of money to be made in a county other than that of the maker's residence, suit may be brought in the county where the contract was to be performed. 1 White & W. C. C., secs. 503, 292; 2 Id., sec. 835; Rev. Stats., art. 1198, sub. 5.

*S. H. Lumpkins,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—This is an appeal from a judgment dismissing appellants' suit upon appellee's plea of privilege to

be sued in Bosque County, where he resided. The suit was to recover a balance of money advanced by appellants to appellee upon the following draft:

"$665.30.                           Hico, Texas, June 27, 1893.

"At sight pay to the order of First National Bank, Hico, six hundred and sixty-five dollars and 30 cents, value received, and charge the same to our account and returnable in Galveston.

"B—L attached 32 bags wool.

"W. W. FLOYD.

"To Lammers & Flint,
          "Galveston, Texas."

The decision depends upon the question whether or not the draft shows upon its face a contract to be performed in Galveston County, and we are of the opinion that it does. There is a request to pay the money to the payee, to charge it to the account of the drawer, and to this is added the language, "returnable in Galveston." The obligation which, without any promise, the law implies from such an instrument, is that the drawer will pay back or return to the drawee the sum advanced to pay it, and when the language is used "returnable in Galveston," this we think, is clearly equivalent to an undertaking that the repayment or return of the money which the party is obligated to make will be made in Galveston. We can see no other meaning which could be given to such words in such an instrument.

There is no statement of facts or bill of exceptions in the record, and if, upon any theory admissible under the pleadings, a judgment dismissing the suit upon the plea of privilege could be sustained, we would feel obliged to affirm it. But there is no denial in the answer that the defendant signed the instrument sued on, and, as upon its face it appears that the undertaking was to be performed in Galveston, we think the suit could be maintained here, and that the plea to the venue was not applicable to the case.

*Reversed and remanded.*

Delivered November 14, 1895.