PATRICK CONDON, RESPONDENT, v. HYMAN A. LEIP-
SIGER, APPELLANT, FRANK KNOX AND SAMUEL J.
KENYON, RESPONDENTS.

CAUSE OF ACTION—WHERE ARISES—JURISDICTION.

Where a deed to certain land in one county is deposited in escrow
    in another county, to be delivered upon the performance
    of certain conditions and the payment of certain money;
    and the conditions are performed, and the money is tendered,
    the deed demanded and refused in the second county, the
    cause of action arises in the latter county, and the district
    court sitting in the county where the land is situated has no
    jurisdiction to try it.

*Messrs. Shepard & Sanford*, attorneys for appellant:

The contract was made at Salt Lake City, the escrow
was deposited at Salt Lake City, the tender and refusal
were made at Salt Lake City, the breach of the contract
occurred in Salt Lake county.

Therefore, we claim that, under article 8, section 5 of
the constitution, which provides, "All civil and criminal
business arising in any county, must be tried in such
county," that this cause of action arose in Salt Lake
county solely, and that the court in Juab county did not
have jurisdiction of the subject matter.

The only action which plaintiff could maintain would
be an action for the specific performance of the contract
—an action *in personam* and not *in rem*.   Hawes on juris-
diction, sec. 69; Wells on jurisdiction, sec. 116 and follow-

*Mosby* v. *Gisborn*, 17 Utah ——, affirmed; *Brown* v. *Bach*, 17 Utah
——, affirmed; *Konold* v. *R. G. W. Ry. Co.*, 16 Utah 151, affirmed.

ing; 2 Story on Eq. Juris., sec. 743 and following; *Johnson v. Kimbo,* 40 Tenn. 557; 3 Blackstone, star page 294 and note; Bouvier's Dict. Real Act., Transitory Act.; *Coon* v. *Cook,* 6 Ind. 270; *Merrill* v. *Beckwith* (Mass.), 40 N. E. Rep. 855; *Temple* v. *Dodge,* (Texas), 31 S. W. Rep. 686; *Seixas* v. *King,* 2 So. Rep. 416; *Burnley* v. *Stevenson,* 24 Ohio Stat. 478; *Kendrick* v. *Wheatley* (Ky.), 3 Dana 34.

The case of *Brown* v. *Bach,* 17 Utah ——, in principle, is decisive of this case.

We refer the court to the case of *White* v. *Adler,* 42 Pac. Rep. 170, also *Smith* v. *Smith,* 88 Cal. 187.

To the same effect see *Hogg* v. *Mack,* 6 N. Y. Supp. 310.

*Messrs. Brown & Henderson,* attorneys for respondent:

An action to compel specific performance when both the land and the parties are within the jurisdiction of the court is one that is *in rem* and also *in personam,* and the court having jurisdiction over the land will enforce its decree by compelling delivery of the land itself, or by compulsory process against the defendant, it can do either.

While the authorities hold that an action may be brought, and the decree enforced by process against the person in a jurisdiction where the land is not, the authorities are equally clear and explicit that an action may be brought and prosecuted in a jurisdiction where the defendant is not, but where the land is. In such cases the action is purely *in rem. Rourke* v. *McLaughlin,* 38 Cal. 196; *Newton* v. *Cronson,* 13 N. Y. (3 Kernan) 587-592; *Earl of Kildare* v. *Morrice,* I Vern. 419; *Arglass* v. *Muschamp,* 1 Vern. 75.

This court held in *Konold* v. *Rio Grande Western Ry. Co.,* 16 Utah 151, and in *Deseret Irr. Co.* v. *McIntyre,* 16

Utah 398, that the portion of our statute providing for the place of trial of the civil action relating to real estate was in force, and was not abrogated by the constitution.

ZANE, C. J.:

It appears that on September 19th, 1896, a contract was made between the plaintiff and appellant Leipsiger, by which the latter agreed to sign a deed of conveyance of fifteen sixty-fourths of the Napoleon mining claim, situated in Juab county, Utah, and to place it in the hands of Samuel J. Kenyon, to be delivered to the plaintiff, upon his doing certain assessment work, mentioned, and paying $1,500 to Kenyon for appellant, on or before January 15th, 1897. It appears from the complaint that the deed was made and deposited with Kenyon, in pursuance of the contract; and that Leipsiger, on September 10, 1896, executed and delivered a deed to the same fifteen sixty-fourths to defendant Knox, while plaintiff was doing assessment work upon the claim; that on January 13, 1897, plaintiff tendered the $1,500 to Kenyon and to Knox, and demanded the deed, which they respectively refused to give. The plaintiff alleged further that Knox and his grantor combined to defraud the plaintiff, and that the conveyance to Knox was made for that purpose. The plaintiff asked the court to set aside the deed to Knox, and require Kenyon to deliver the deed to plaintiff, and, in case that could not be done, that a decree be rendered against defendant Leipsiger for the sum of $3,500, its alleged value.

Defendants Leipsiger and Knox answered, denying the allegations of the complainant, and alleging the contract set up in plaintiff's complaint was, on November 3, 1896, rescinded for a valuable consideration.

It appears the contract relied upon, the escrow, the tender, demand for a deed, and the refusal were all made in Salt Lake County. The court found the issue as to the rescission of the contract against the defendants and as to bad faith in the execution of the deed by Leipsiger to Knox, against the former and for the latter, and gave judgment against the defendant Leipsiger, in favor of plaintiff, for $3,000. From the judgment, the defendant Leipsiger has appealed, and insists the court below did not have jurisdiction to try the case, and that the judgment was erroneous for that reason.

The appellant relies upon the following provision of section 5, article 8 of the constitution of the state, "All civil and criminal business arising in any county must be tried in such county, unless a change of venue be taken in such cases, as may be provided by law." There was no change of venue in this case. The phrase civil business means the fact or facts that constitute the cause of action, and criminal business means criminal acts constituting the crime. Of course, the intent attending an act usually characterizes it as criminal or otherwise. When all the facts essential to a cause of action exist, the cause of action has arisen, and can only be tried in the county in which it arose. "In local actions, where the possession of lands or damages for an action, trespass or waste, etc., affecting land is to be recovered, the plaintiff must declare his injury to have happened in the very place where it happened; but in transitory actions for an injury that might have happened anywhere, as in debt, detinue, slander, the plaintiff may declare in what county he pleases. * * * Actions are deemed transitory when the transactions on which they are founded might have taken place anywhere; and local

when their cause is, in its nature, necessarily local."
Anderson's Law Dictionary, p. 27.

A cause of action for the unlawful with holding of the
possession of land, or injury to the land by waste or tres-
pass upon it, or for nuisance to house, disturbance of right
of way, for diversion of water course, and the like, must
necessarily arise at the land and in the county where
the land is situated. But the constitutional provision
in question also requires transitory actions arising in
this state to be brought in the county where they arise.
It was not necessary that any of the transactions con-
stituting the plaintiff's cause of action should occur in
Juab county, nor did they or any of them occur there.

The simple question now presented is, where did this
cause of action arise? It arose when and where Mr.
Kenyon refused to deliver the deed the action was
brought to recover.

It appears the tender of the amount required to be paid
by the contract, the demand upon Kenyon for the deed,
and his refusal, all occurred in Salt Lake county. We
must hold this action should have been brought and
tried in that county. *Mosby* v. *Gisborn*, 54 Pac. Rep. 121;
*Brown* v. *Bach*, 53 Pac. Rep. 991; *Konold* v. *Rio Grande
Wes. Ry. Co.*, 51 Pac. Rep. 256.

In *Mosby* v. *Gibson*, supra, this court held an action
to set aside a decree rendered in Salt Lake county and
to cause a deed made in pursuance of it in the same
county to land situated in Toole county, was properly
brought in Salt Lake county. In that case the court
said:

"In the case of *Brown* v. *Bach*, 53 Pac. Rep. 991, the
court held a promissory note executed and delivered in
Toole county, and made payable in Salt Lake county,
should be sued on in the latter, where the breach oc-

curred, and not in the former, where the note was made. The execution of the note and its breach were facts essential to the cause of action. One occurred in one county and the other in another. It is urged, however, that plaintiff's complaint includes not only a prayer for the vacation of the decree and cancellation of the deed, but also asks that he may be adjudged the owner of the one-half interest in the property, and entitled to its possession. A cause of action for an injury to real estate by trespass, waste, or by forcible entry, or wrongfully taking possession of it, or for wrongfully withholding possession thereof, must arise from some act, or some omission to act, upon the land, and with respect to it, by which the plaintiff's right to it is violated. The violation of right or the wrong which gives the plaintiff a cause of action, must accrue where the land is. Such causes of action necessarily arise in the county in which the land is situated. They are necessarily local actions, and remain so under the constitutional provision. Local actions embrace actions for the possession of land, or damages for actual trespass or waste, for nuisance to a house, for disturbance of right of way, for the diversion of water courses, and the like. Such causes of action must arise where the property is, and in the county in which it is situated. This action was brought to remove a cloud from plaintiff's title, by annulling the decree and canceling the deed described. The object of his action was the protection of his title. It is not an action for the actual possession of an undivided one-half of the claim, nor for damages for a trespess upon it, or injury to it. If, when the title is perfected, the defendant shall refuse possession, a proceeding for the possession will be necessary."

We are of the opinion that this action should have been commenced in Salt Lake county, and that the

district court sitting in Juab county had no jurisdiction
to try it.

The judgment of the court below is reversed, with di-
rections to dismiss this action, with costs of appeal
against plaintiff.

BARTCH and MINER, JJ., concur.