## J. R. YETT v. WILL S. GREEN.

Decided February 15, 1905.

### 1.—Venue—Plea in Abatement.

The plea stated, "that this defendant has not contracted in writing to perform any obligation which is the basis of, or in any way connected with this suit in any particular county." Held, the language quoted negatives the fact that defendant had promised in writing to pay the debt in Coke County, where the suit was brought.

### 2.—Garnishment—Replevy Bond.

The replevy bond by defendant in garnishment proceedings is in no sense a pleading, and its execution does not waive any plea otherwise available.

#### ON MOTION FOR REHEARING.

### 3.—Venue—Acceptance of Draft.

Under art. 1194, Rev. Stats., sub. div. 5, it is not necessary that the contract should, in express words, require performance in a particular county. Such performance may be a necessary implication from the context of the instrument. Unqualified acceptance of a draft at the place named as the residence of the drawee makes the debt payable at such place.

Appeal from the County Court of Coke County. Tried below before Hon. G. W. Perryman.

*Joseph Spence, Jr.,* and *A. R. Burges,* for appellant.—When a suit is on a contract in writing, a plea of personal privilege should negative all the exceptions provided for in the statute, and should, in express times, negative the fact that defendant had contracted in writing to perform said obligation in the county in which the suit is brought. Houston & T. C. Ry. Co. v. Graves, 50 Texas, 181-203; Burchard v. Record, 17 S. W. Rep., 242.

The draft, by its terms, being payable at Robert Lee, which was a town in Coke County, plaintiff's suit was properly brought in Coke County, and defendant's plea to the jurisdiction was not sustained by the facts. Rev. Stats., art. 1194, subdiv. 5; Lammers v. Floyd, 33 S. W. Rep., 150; Seley v. Williams, 50 S. W. Rep., 400; Bell County Brick Co. v. Cox, 8 Texas Ct. Rep., 281, 282; 4 Am. & Eng. Ency. of Law, p. 212 (2d ed.); Darrah v. O'Connor, 69 S. W. Rep., 646.

Defendant having made his voluntary appearance in the case by executing, filing and having approved his replevin bond, thereby submitted himself to the jurisdiction of the County Court of Coke County as defendant in this cause, and waived his personal privilege of being sued in the county of his residence, and his plea of privilege came too late.

The draft sued on was a written obligation by its terms payable in Coke County, and defendant having accepted the same, the suit is properly brought against him in Coke County. 1 Dan'l Neg. Inst., p. 483 (sec. 532); Thompson on Bills, p. 229; 2 Dan'l Neg. Insts., sec. 935.

No briefs for appellee.

KEY, ASSOCIATE JUSTICE.—Appellant instituted this suit in the County Court of Coke County, seeking to recover $400 alleged to be due upon an accepted draft. Appellee, the defendant in the court below, filed a plea in abatement, charging that the venue was improperly laid in Coke County, and showing that he was not a resident thereof, but resided in Coleman County. The plaintiff joined issue on the plea, and after hearing testimony supporting it, the court sustained the plea and dismissed the plaintiff's suit.

The instrument sued on was addressed to the defendant at Robert Lee, Texas, care of bank at Robert Lee, but it was not in terms made payable at Robert Lee or in Coke County. It is claimed that the plea of privilege does not affirmatively show that the defendant had not contracted in writing to pay the debt in Coke County. This contention is overruled. The plea states "that this defendant has not contracted in writing to perform any obligation which is the basis of or in any way connected with this suit in any particular county." The language quoted negatives the fact that the defendant had promised in writing to pay the debt in Coke County. This ruling disposes of the first assignment of error.

The draft was not payable at Robert Lee, which is the county seat of Coke County, as asserted by the second assignment of error.

The plaintiff sued out a writ of garnishment, which was served on J. W. Hill and B. F. Lee, and after the garnishees had answered, showing that they were indebted to the defendant, the latter filed a replevy bond, payable to the plaintiff, and appellant contends that by so doing appellee entered an appearance and waived his privilege to be sued elsewhere. No authority is cited which supports this contention, and it is not believed to be sound. The replevy bond was in no sense a pleading. It was executed for the purpose of releasing funds tied up by the writ of garnishment; and its execution ought not to be construed as

waiving the right to urge any plea which otherwise might have been available. (Wells v. Iron Works, 3 Civ. Cases (Willson), sec. 297.)

These views result in overruling the third and last assignment of error, and an affirmance of the judgment.

*Affirmed.*

### OPINION ON MOTION FOR REHEARING.

At a former day of the term the judgment in this case was affirmed, and the appellant has presented a motion for rehearing, which, after mature consideration, we believe should be granted. The suit was brought upon an accepted draft. The defendant filed a plea to the jurisdiction of the County Court of Coke County, in which the suit was brought, upon the ground that he resided in Coleman County, and was entitled to be sued in that county. The trial court sustained the plea and dismissed the suit, and the plaintiff appealed. The testimony set out in the bill of exception shows the following facts: The draft sued on reads as follows:

"Customer's      First National Bank, Marble Falls, Texas.
     Draft              Marble Falls, Texas, Nov. 9, 1903.
                                                    $400
"Pay to the order of First National Bank, Marble Falls, four hundred and no/100 dollars. Advanced on cattle.      J. R. Yett.
W. S. Green, Robert Lee, Texas.
     c/o Bank at Robert Lee."

The draft was presented to the defendant and his acceptance endorsed thereon in the town of Robert Lee, which is in Coke County. It is provided by article 1194 of the Revised Statutes that when a written contract is to be performed in a particular county, the defendant may be sued in that county, regardless of where he may reside, and it has been frequently held that it is not necessary that the contract shall, in express words, require performance in a particular county. Such performance may be a necessary implication from the context of the instrument. (Seley v. Williams, 50 S. W. Rep., 400; Darrah v. O'Connor, 69 S. W. Rep., 646; Lammers v. Floyd, 33 S. W. Rep., 150; Bell County Brick Co. v. Cox & Co., 8 Texas Ct. Rep., 282.)

In Cox v. National Bank, 100 U. S., 739, a bill of exchange was addressed to Cox & Cowan, New York, N. Y., and they wrote across the face of it, "Accepted, Cox & Cowan," and it was held that the bill and the acceptance evidenced a contract to pay the money in New York. In that case, as in this, there was nothing on the face of the instrument indicating the place of payment, except the address.

According to these authorities, inasmuch as the draft was addressed to the defendant at Robert Lee, which is a town in Coke County, and was accepted by him in general terms and not by a qualified acceptance, we conclude that it was the intention of the parties in making the contract that the debt should be paid in Coke County.

The motion for rehearing is granted, and the judgment of the court below reversed and the cause remanded.

*Reversed and remanded.*