## METROPOLITAN LOAN CO. v. REEVES et al. (No. 6648.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 4, 1922. Rehearing Denied Feb. 1, 1922.)

**1. Bills and notes ⬤➤1—"Check" defined.**

A "check" is an unconditional order on a bank or banker to pay a specified sum of money to the person named, or order, or to bearer on demand, and such checks are negotiable paper and payable at the banking house of the banker within banking hours.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Check.]

**2. Venue ⬤➤7—Suit may be brought where contract is to be performed.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 5, providing that when a written contract is to be performed in a particular county the defendant may be sued in that county wherever he resides, it is not necessary that the contract in express words shall require performance in a particular county, the necessary implication from the context of the instrument of performance in a certain county being sufficient.

**3. Venue ⬤➤7—If a check payable at a certain place is not paid, the drawer obligates himself to pay the amount at that place.**

Under Acts 36th Leg. (1919) c. 123, § 61, providing that by check the drawer admits existence of the payee and his then capacity to indorse, and binds himself to pay the amount of the check, if dishonored, to the holder, where a bank refused to pay a check the primary liability of the drawer asserted itself, and the check evidenced a promise on his part to pay the amount where the bank was located, and suit could be maintained in that county.

Appeal from Bexar County Court; John H. Clark, Judge.

Action by the Metropolitan Loan Company against J. F. Reeves and another. From judgment for defendants, plaintiff appeals. Reversed and remanded.

Dilworth & Marshall, of San Antonio, for appellant.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellees.

FLY, C. J. This is an action based on a check for $600, drawn by J. F. Reeves in favor of Sam Magness on the City National Bank of San Antonio, indorsed by Sam Magness, instituted by appellant against Reeves and Magness. Reeves lives in Harris county, and his plea of privilege to be sued in that county was sustained by the trial court, and from that order this appeal is prosecuted.

The only question in the case is, Did the check drawn by Reeves in favor of a resident of Bexar county, on a bank in that county, constitute a contract on the part of Reeves to perform an obligation in Bexar county? If this question be answered in the affirmative, the judgment was erroneous, and should be reversed; if in the negative, the venue was properly changed to Harris county, and the judgment should be affirmed.

[1] If Reeves drew the check in favor of Magness, he became liable to the latter for the amount named in the check, and when Magness indorsed the check to appellant he and Reeves became liable for the payment of the amount indicated in the check. What were the terms of the contract as expressed by the check? It was a representation to Magness that Reeves had the sum named in the check deposited in the City National Bank subject to his order, and that the check would be honored by the bank and paid to the order of Magness. A check is an unconditional order on a bank or banker to pay a specified sum of money to the person named, or order, or to bearer on demand. The presumption is that it is drawn against a deposit. Morse, Banks & Banking, § 373. Such checks are negotiable paper. The check is payable at the banking house of the banker, within banking hours.

[2] It is provided in subdivision 5 of article 1830, Vernon's Sayles' Statutes, that when a written contract is to be performed in a particular county, the defendant may be sued in that county, no matter in what county he may reside, and it has been often held that it is not necessary that the contract shall in express words require performance in a particular county. Lammers v. Floyd, 11 Tex. Civ. App. 473, 33 S. W. 150; Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399; Darragh v. O'Connor, 69 S. W. 644; Yett v. Green, 39 Tex. Civ. App. 184, 86 S. W. 787; Bell County Brick Co. v. Cox, 33 Tex. Civ. App. 292, 76 S. W. 607; Gaddy v. Smith, 116 S. W. 164. Where such performance is a necessary implication from the context of the instrument, it will be held to answer the demands of the statute.

[3] In connection with a check, if no place of payment is specified, it is presumed to be where the drawee resides. Daniel, Neg. Instr. § 90. A bank usually has a fixed location, and under the allegations in this case and the terms of the check it must have been contemplated that the check should be paid at the City National Bank of San

Antonio. The very name of the bank indicated that it was to be paid in San Antonio, and the hypothesis, sought to be indulged in by appellees, that the drawee might move to Dallas or some other place, has no foundation upon which to stand. It would be remarkable indeed if a national bank could pack up and move from San Antonio to Dallas. The check was payable in San Antonio and nowhere else, and Reeves bound himself to pay it there if it was not honored by the bank.

Under the act of the Thirty-Sixth Legislature (section 61, page 197, General Laws 1919) it is provided that by a check the drawer admits the existence of the payee and his then capacity to indorse, and binds himself to pay the amount of the check, if dishonored, to the holder. The bank was in no wise bound on the check until it had accepted or certified it, and the debt was that of the drawer until the check was paid. The moment the bank refused to pay the check the primary liability of the drawer asserted itself, and the check evidenced a promise on his part to pay the amount of the check in San Antonio, through a bank primarily, and, if that was not done, then through himself. Cecil v. Fox, 208 S. W. 954; Gambrell v. Tatum, 228 S. W. 287.

The judgment will be reversed, and the cause remanded to be tried on its merits in the county court of Bexar county for civil cases.