**SWEENEY DRILLING CO. v. ADAMS & CO.**
**(No. 63.)**

(Court of Civil Appeals of Texas. Eastland. Dec. 18, 1925.)

**1. Bills and notes ☜378.**

Alteration of check by changing name of bank on which it was drawn *held* not to affect rights of holder of check in due course to payment according to its original tenor, in view of Vernon's Ann. Civ. St. Supp. 1922 art. 6001—124.

**2. Bills and notes ☜402—Presentment of check for payment at bank, name of which has been substituted for original bank held sufficient to fix drawer's liability without presentment to original bank (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—73).**

Where name of bank on check has been changed, presentment for payment at bank, name of which had been substituted, and not at originally named bank, is all that is necessary to fix liability of drawer, in view of Vernon's Ann. Civ. St. Supp. 1922, art. 6001—73.

**3. Appeal and error ☜1054(3)—Where there is ample evidence to sustain judgment in case tried before court, assignments of error in admission of certain testimony, apparently not considered, will be overruled.**

Where case is tried before court, and there is ample evidence to sustain judgment, assignments of error to admission of certain testimony, which it does not appear was considered by court, will be overruled.

Appeal from Eastland County Court at Law; Tom J. Cunningham, Judge.

Suit by Adams & Co. against the Sweeney Drilling Company and others. Judgment for plaintiff against defendant named and another, and defendant Sweeney Drilling Company appeals. Affirmed.

Wasaff & Lyman, of Ranger, for appellant.

L. R. Pearson, of Ranger, for appellee.

RIDGELL, J. This suit was brought by appellee in the county court at law of Eastland county, Tex., against R. E. Sweeney, W. H. Dyer, and the Sweeney Drilling Company, a corporation, seeking to recover of all said parties a check alleged to have been executed by the Sweeney Drilling Company and R. E. Sweeney in the sum of $400, drawn on the People's State Bank of Ranger, Tex., and payable to the order of W. H. Dyer, which said check was negotiated to plaintiff below by the said W. H. Dyer for the sum of $400, and which plaintiff below alleged to own and hold in due course. Defendant W. H. Dyer did not file an answer, although he was duly served with citation, but the defendants R. E. Sweeney and Sweeney Drilling Company filed an answer demurring generally and pleading alteration and forgery and that said check was given for a gambling debt and therefore unenforceable. Plaintiff below filed a supplemental petition in answer to defendants' first amended original petition, alleging that defendants did not come into court with clean hands, and further alleging that if said check was changed or altered as alleged by defendants, that plaintiff

had no notice thereof, and had no notice of any fact or act sufficient to put plaintiff upon inquiry, and that if said check was changed or altered as alleged by defendants, the said defendants are still liable thereon to plaintiff according to its original tenor, as provided by article 6001—124 of Vernon's Ann. Civ. St. Supp. 1922, of the state of Texas; that said check came into the hands of plaintiff in due course for a valuable consideration, and without notice on part of plaintiff as to any alleged infirmities or alterations alleged by defendants, and that if said check was altered as alleged, plaintiffs should recover according to its original tenor. Appellants answered by general demurrer and plea of alteration and forgery. On January 30, 1925, the cause was tried before the court without a jury, and judgment was rendered in favor of appellees against Sweeney Drilling Company, a corporation, as maker or drawer of said check, and against W. H. Dyer as indorser of said check, but not against R. E. Sweeney individually. Motion for new trial by Sweeney Drilling Company was filed January 31, 1925, and was overruled by the court February 12, 1925. Appellant duly excepted and gave notice of appeal, and within the proper time and manner perfected its appeal to this court.

There are but two assignments of error which we believe require discussion in disposing of this appeal. By appellants' tenth and eleventh assignments of error they assert that the court erred in holding that the plaintiff was a holder in due course, and makes the proposition that an alteration of a check consisting in a change of the name of the bank on which the check is drawn is a material alteration. He further contends that, it being a material alteration, Adams & Co. could not invoke the doctrine of innocent holder for value.

On the trial, R. E. Sweeney testified that he drew this check originally upon the Ranger State Bank, payable to W. H. Dyer, and that before same was cashed by Adams & Co. the check was changed so as to read People's State Bank, instead of Ranger State Bank, and Sweeney testified that he did not authorize or know of the change. Sweeney also testified that he did not do any business with the Ranger State Bank, but did his business with the People's State Bank, and that within a few hours after the check was given to Dyer that Sweeney went to the People's State Bank and instructed them not to cash the check. Testimony shows that Adams & Co. cashed the check in due course, and paid $400 for same and without any notice of vice in the check or transaction. The circumstances at least show that Sweeney evidently knew that the check had been changed, because he went to the People's State Bank and notified them not to cash it, but did not go to the Ranger State Bank, and the court was justified in concluding that the check was drawn on the People's State Bank.

[1] Anyhow, an alteration of a check consisting in the name of the bank on which said check was drawn being changed would not be such an alteration as to affect and prejudice the rights of a holder of said check in due course and prevent payment according to its original tenor.

Article 6001—124 of Vernon's Annotated Civil Statutes, Supplement 1922, of the State of Texas, provides as follows:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers.

"But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

It will be seen that, under the above statutory provision, even though an alteration has been made in a negotiable instrument, a holder of said altered check in due course who is not a party to said alteration may enforce payment thereof according to its original tenor. Metropolitan Loan Co. v. Reeves (Tex. Civ. App.) 236 S. W. 762.

The trial court filed findings of fact and conclusions of law, and held that the check when negotiated was regular on its face, and that Adams & Co. had no notice that said check was given for a gambling debt and did not know that payment had been stopped, and found that the check was drawn on the People's State Bank.

It is sufficient to say that there is evidence to sustain the findings of fact found by the court, and said assignments will therefore be overruled.

[2] The various assignments complaining of the judgment of the court and asserting that appellee was not entitled to recover for the reason that no demand for payment was made by Adams & Co. on the Ranger State Bank are not sustained, but overruled. This check, when received by Adams & Co., being drawn on the People's State Bank, the holder was under no obligation to present said check to any other bank in order to fix liability of the drawer of said check. Article 6001—73 of the N. I. A., provides:

"Presentment for payment is made at the proper place—(1) where a place of payment is specified in the instrument and it is there presented."

Adams & Co., having presented this check to the People's State Bank for payment, did discharge their legal obligation to the drawer of said check.

[3] Complaint was made to the admission of certain testimony, but, the cause being tried before the court and it not appearing

that the testimony was considered by the court, for the fact that there is ample evidence to sustain the judgment under the other issues in the case, the said assignments will be overruled.

It appearing to the court that there is ample evidence to sustain the findings of fact as found by the court, it is the judgment of this court that this cause be affirmed.