**MAY et al. v. PERKIN.**

No. 9850.

Court of Civil Appeals of Texas. Austin.

Feb. 1, 1950.

J. W. Thomas, of Belton, for appellants.

Bowmer & Shöfner, Jim D. Bowmer, of Temple, for appellee.

ARCHER, Chief Justice.

This suit was instituted on December 7, 1944, by the appellants in the County Court of Bell County, Texas, against appellee to recover $325 for the monthly rental of premises for the months of December 1942 ·and the months of January, February, March and April 1943, at the sum of $65 per month.

Plaintiffs alleged that in the late fall of 1943 defendant offered to pay only $45 per month, and gave three checks for $45 each, drawn on the First National Bank of Temple, Texas; the first dated December 28, 1942, the second on January 27, 1943, and the third on March 22, 1943. These checks were never paid. Plaintiffs allege that the cause of action is based in part on the checks.

The defendant filed a plea of privilege to be sued in Tom Green County, Texas, which was controverted by plaintiffs. The defendant, subject to his plea of privilege, filed an answer, and sought an offset for overpayment at the rate of $15 per month for the months of April, May, June, July, August, September, October and November, 1942. In reply the plaintiffs pleaded the statute of limitation.

Appellants assign as error the action of the court in sustaining the plea of privilege and transferring the cause of action to Tom Green County, because the three checks drawn by appellee constituted a contract in writing to pay the obligation in Bell County.

The three checks were drawn on the First National Bank of Temple, and were payable to Mrs. John May. Some months after she had received the checks, and subsequent to the removal to Tom Green County by the maker of the checks, Mrs. May wrote into the face of the checks, "Part Payment on Rent—Bal. due," and presented the checks for payment to the bank. All funds had been withdrawn, and payment of the checks was refused.

By his findings of fact the court found that the rental was $45 per month for the first period of occupancy, and that the plaintiffs raised the rent on April 1, 1942, from $45 per month to $60 per month; that such rent was paid for the succeeding six months; that the maximum rent in Federal O P A Rent Regulations was $45 per month as of March 1, 1942, effective November 1, 1942; that plaintiffs and defendant were notified that to demand or receive or pay a rental in excess of $45 per month for the premises was prohibited by law; that appellee tendered checks for $45 for the full rental for the months of October, Novem-

ber and December 1942, and for the months of January, February and March 1943; that it was customary for the rentals to be paid by check; none of such checks were accepted in full payment of such rental; that the checks for the months of October and November 1943 were cashed by plaintiffs when presented, the other checks were never cashed; check for the month of February 1943 was mailed to plaintiffs, who would not accept the letter, and this check was returned; no rental was tendered for the month of April 1943.

That defendant moved to Tom Green County, Texas, in April 1943, and now resides there; that at the time the checks were drawn sufficient funds were in the bank to pay the checks; that when defendant moved he left sufficient funds in such bank for the payment of the checks for several weeks; that plaintiffs could have cashed the checks if they had presented them; that six or eight weeks after moving the defendant closed his account with the Temple bank; that several months after the account had been closed plaintiffs presented the checks, but with the notation, "Part Payment on Rent—Bal. due," payment was refused; that the defendant owes rental in the amount of $45 for the month of December 1942, and January, February and March, and for a part of the month of April 1943; that all other rental has been paid.

That defendant has resided continuously in Tom Green County, Texas, since April 1943, and was a resident of said county at the time of the institution of this suit, on December 7, 1944.

The court concluded as a matter of law that the checks were tendered in full payment of rental then due, and were not accepted by plaintiffs as such payment, and do not constitute contracts in writing to perform an obligation in Bell County, and do not fall within the purview of subd. 5, Article 1995, R.C.S., Vernon's Ann.Civ.St.art. 1995, subd. 5.

■ We believe that the trial court, who heard the case and made his findings of fact and conclusions of law, was justified in entering the judgment that he did transferring the case.

As is observed, the checks were never accepted, even when presented for payment, in full payment of the rental found by the court to be the correct amount then due.

■ Since the checks were never accepted by plaintiffs on the terms fixed by the maker thereof there was on contract to pay anywhere. 10 Tex.Jur., pages 36-42-44; 1 Tex.Jur., pages 269-277.

■ In the case of Metropolitan Loan Co. v. Reeves, Tex.Civ.App., 236 S.W. 762, the action was on a check for $600, drawn by Reeves in favor of Sam Magness on a bank in San Antonio, indorsed by Magness to the loan company. There is no question of acceptance or orderly presentation. Then, too, this case was decided before the 1935 amendment to subd. 5 of Article 1995. This amendment provided that a contract must expressly name the county in which it is performable to form the basis for retention of venue in such county. "The authorities, we think, well establish this proposition applicable and controlling here: that under Exception 5 to the general rule of venue, it is immaterial that some obligations imposed by a written contract are required to be performed by one or the other party in a particular county; the material and controlling fact being that the particular obligation sought to be enforced by the suit is required by the contract to be performed in a particular county expressly named." McKinney v. Moon, Tex.Civ. App., 173 S.W.2d 217, 218.

The court further concluded as a matter of law that the plaintiffs had not used due diligence to obtain a hearing on their plea of privilege.

■ Since we have decided that the appellants have not shown some ground for retaining venue in Bell County, as we have herein set out, the error, if any, under the second assignment is not such as would require reversing this case.

The judgment of the trial court is affirmed.

Affirmed.