## GAMBLE et al. v. BREWSTER.

### No. 4897.

Court of Civil Appeals of Texas. El Paso.

Oct. 20, 1952.

Rehearing Denied Nov. 12, 1952.

Rice, Waitz & Rice and M. A. Childers, San Antonio, for appellants.

R. O. Burleson, Van Horn, Andress, Lipscomb & Peticolas, El Paso, for appellee.

McGILL, Justice.

This is an appeal from an order of the District Court of Culberson County, 34th Judicial District, which overruled separate pleas of privilege of appellants to be sued in Bexar County, the county of their residences.

Appellee, as plaintiff in the trial court, sued for damages for breach of a contract by the terms of which appellants (defendants) agreed to furnish plaintiff irrigation water in a sufficient amount for him to farm and raise cotton on appellant's tract of land situated in Culberson County.

The material allegations of the petition, which was incorporated in each of plaintiff's controverting pleas, are:

"III. That heretofore, to-wit, on the 22nd day of January, A.D.1951, Plain-

tiff accepted the contract submitted to him by defendants, whereby defendants agreed to furnish irrigation water to plaintiff in a sufficient amount for him to farm and raise cotton on their tract of land situated in Culberson County, Texas, containing 370 acres of land and more particularly described in said contract, which said contract is recorded on pages 164–166, in Vol. 57 of the Deed Records of Culberson County, Texas, and a copy of which is hereto attached and which said contract and copy hereof is hereby referred to for any and all relevant purposes.

"IV. That, in the alternative, should it be found that said contract only specifies that defendants were to furnish sufficient irrigation water for only 160 acres of land to be planted in cotton, defendants subsequently and impliedly, by their communications and actions, relied upon by plaintiff, which said communications and actions were properly interpreted and relied upon by defendants, obligated themselves to furnish sufficient irrigation water to properly irrigate and farm the whole of said land subject to irrigation described in the contract, a copy of which is hereto attached and referred to for any and all releveant purposes."

The contract referred to was attached to the petition. It is dated December 21, 1950 and signed by appellants as lessors and appellee as lessee. It provides that appellants lease to appellee from January 1, 1951, until December 31, 1951, and from year to year thereafter unless either party shall give written notice of their intention to terminate the lease, the following described lands:

"374.3 acres of land lying adjacent to Hwy 90, approximately 14 miles from Van Horn toward Marfa, being that same land purchased by us from Wm. Cameron & Co., and being the only land owned by us, or either of us, in Culberson County, Texas."

The lessors agreed:

"(a) That they will put Well No. 1 on said premises in such condition that same will produce reasonably sufficient water to irrigate 160 acres of land, or will promptly drill another well which will produce reasonably sufficient water to irrigate 160 acres of land.

"(b) Lessors warrant that the pumping equipment on said property is in good condition to be operated, or they will at their own expense put same into such condition.

"(c) Lessors agree to pay for all parts necessary to keep well equipment and pumping equipment in good operating condition.

"(g). If it should be that any trouble shall develop with either well on said leased premises or the pumping equipment thereon, or pipe lines and equipment, then the Lessee shall promptly notify the Lessors of such trouble by telegram, telephone or by letter so that the Lessors may promptly correct any such trouble so that the crops to be grown on said land may not be endangered by lack of water."

Plaintiff alleged that he went upon the land and prepared it for planting cotton and found that the water supply contracted to be furnished by defendants was failing and notified defendants of this failure, but defendants failed and refused to correct such water shortage and failed to pay repair, maintenance and supply bills in the amount of $450, all to plaintiff's damage in the amount of $42,225. Appellee sought to maintain venue in Culberson County under Exception 5 to Article 1995, the venue statute.

Appellants' points in substance are (1) Venue cannot be maintained in Culberson County under Exception 5 on a cause of action at variance with the written contract plead as the basis for such action; (2) or on a cause of action based partly on a written contract and partly on implication from subsequent unwritten communications and actions of the parties, or (3) upon an implied contract based purely on implication, and (4) because a written contract must expressly name the county in which the defendant is obligated to perform under the contract, and the contract

in this case did not expressly name Culberson County as the county in which it was to be performed.

We overrule all of appellants' points. Section 5, Art. 1995, V.A.C.S., as amended is as follows:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, *suit upon or by reason of such obligation may be brought against him,* either in such county or where the defendant has his domicile. As amended Acts 1935, 44th Leg., p. 503, ch. 213, § 1." (Emphasis ours.)

By paragraph III of his petition above quoted appellee based his suit on the written contract of December 21, 1950. He attached a copy of the contract to his petition, and referred to it for all relevant purposes. He does not allege that the contract obligated appellants to furnish him irrigation water in sufficient amount to farm and raise cotton on all of the 370 acres leased and described in the contract. The allegation is that defendants agreed to furnish irrigation water in sufficient amount for him to farm and raise cotton on their tract of land situated in Culberson County. The acreage to be furnished with water is to be determined by reference to the contract. His alternative allegations in paragraph IV indicate that he did not so construe the written contract. The written contract states that the leased land is in Culberson County, and appellants expressly obligated themselves (a) to put well No. 1 "on said premises" in such condition that same will produce reasonably sufficient water to irrigate 160 acres of land, and (b) to put the pumping equipment "on said property" in good condition. These are express provisions to perform obligations of the written contract in Culberson County. Nothing is left to im-

plication. The obligation to perform in Culberson County is as specific in paragraphs (a) and (b) as if it had stated in these particular paragraphs that the words "on said premises" and "on said property" referred to the leased property in Culberson County.

The alternative plea contained in paragraph IV, by which appellee sought to recover on an implied obligation of appellants to furnish sufficient irrigation water to properly irrigate and farm all the land described in the written contract in no way destroys the venue which attached under paragraph III.

Appellants strongly rely on the statement in the opinion in May v. Perkin, Tex.Civ.App., 227 S.W.2d 393, 395, that

" 'The authorities, we think, well establish this proposition applicable and controlling here: that under Exception 5 to the general rule of venue, it is immaterial that some obligations imposed by a written contract are required to be performed by one or the other party in a particular county; the material and controlling fact being that the particular obligation sought to be enforced by the suit is required by the contract to be performed in a particular county expressly named.' McKinney v. Moon, Tex.Civ.App., 173 S.W.2d 217, 218."

We are in full accord with this statement. The particular obligations of the written contract sought to be enforced by this suit and "by reason of which obligations" the venue of the suit may be laid in Culberson County are the obligations specified in (a) and (b) supra. By the written contract these obligations are required to be performed in Culberson County. The fact that appellee seeks to enforce an additional implied obligation is immaterial.

The order overruling appellants' separate pleas of privilege is affirmed.

Affirmed.