THE BELL COUNTY BRICK COMPANY v. R. L. COX & CO. ET AL.

Decided October 21, 1903.

**Venue—Written Contract—Suit at Place of Performance.**

The fifth exception to article 1194, Revised Statutes, does not provide that the contract in writing shall, by express words, require performance of the contract in a particular county; but if the contract be in writing, and must necessarily be executed in a county different from that of the domicile of the party contracting, then for breach of the contract, he may be sued in either of those counties. Note facts bringing this case within the rule.

Appeal from the County Court of Bell. Tried below before Hon. G. M. Felts.

*John B. Durrett,* for appellant.

*Jas. A. Harrison* and *Pendleton & Ferguson,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—Appellant brought this suit against R. L. Cox & Co. to recover damages on account of the breach of the contract hereinafter set out. The defendants presented a plea of privilege, which was sustained by the lower court, and it is conceded by appellant that this judgment was correct, unless the County Court of Bell County had jurisdiction under paragraph 5, article 1194 of the Revised Statutes, providing that where a person has contracted in writing to perform an oligation in any particular county, the suit may be brought in such county.

The following facts were shown upon the hearing of said plea of privilege:

"1.  The written contract sued upon was introduced in evidence as follows:

" 'State of Texas, County of Jefferson. This instrument witnesseth, that in consideration of the R. L. Cox & Co. Company of Beaumont, Texas, selling to the Bell County Brick Company, of Belton, Texas, their supply of crude fuel oil to be shipped at the rate as ordered, car per ...... for the term of one year, beginning March 1, 1902, at 41 cents per barrel of 42 gallons each, in car load lots, based upon ...... cents per hundred pounds rate of freight to .......... R. R. station (buyer to receive benefit of decline in freight rate, and to pay advance if rate is raised) freight to be allowed on invoice; terms 30 days sight draft attached to bill of lading, payable at Beaumont.

" "The said Bell County Brick Company agrees to receive said oil promptly from the transportation company and empty the tank cars at once, and will pay all demurrage charges should any accrue, and also pay for the oil at the price and in the manner named above as each ship-

ment is made, and in the event the said Bell County Brick Company should fail to pay promptly, that said R. L. Cox & Co. may at their option at once terminate and cancel this contract. It is further agreed and understood that this contract is not voidable, except by the act of God, accidents to oil wells, governmental interference, fire or strikes, affecting either party to this contract, nor is the said R. L. Cox & Co. to be held responsible for delays occasioned by the transportation companies, and their responsibility ceases when they obtain bill of lading from the transportation company. R. L. Cox & Co. reserves the right of routing all shipments. Signed in duplicate this the 1 day of March, 1902. Delivery to be made M. K. & T. Ry.

" 'BELL COUNTY BRICK CO., by W. F. Beamer.

" 'R. L. Cox & Co.

" ' Accepted and approved by the R. L. Cox & Co., per E. A. Sterling.

" 'Memoranda for purchaser to fill out:

" 'Capacity of our storage tank ...... barrels or ...... gals. If the storage tank is not completed, state when it will be completed and its capacity. ........... The tank is located on the M. K. & T. Ry. track, within ...... feet thereof. Daily average consumption of our plant is ...... which is operated ...... days per ......'

"2. The said R. L. Cox & Co. was a firm doing business at Beaumont, in Jefferson County, Texas, and engaged in the business of producing and selling crude fuel oil at that place.

"3. The Bell County Brick Company was a private corporation engaged in manufacturing bricks, and owning and operating a brick plant located one and one-half miles east of the town of Belton, in Bell County, Texas, on the line of the Missouri, Kansas & Texas Railway, and having a switch from its said plant to the said railway. That the said Bell County Brick Company used crude fuel oil for the purpose of manufacturing brick at its said plant, and for no other purpose.

"4. That the said Missouri, Kansas & Texas Railway did not extend from the brick plant of the Bell County Brick Company in .Bell County, to Beaumont, in Jefferson County, Texas, but that the said railway is connected with the said Beaumont by other connecting lines of railway.

"5. That the only method of transporting crude fuel oil from Beaumont, in Jefferson County, Texas, to the brick plant of the Bell County Brick Company, in Bell County, Texas, is by means of tank cars loaded from the pipe lines at the said Beaumont, and carried by the connecting lines of railway to the Missouri, Kansas & Texas Railway and by it to the point of destination in Bell County.

"6. That R. L. Cox & Co. shipped a carload of crude fuel oil upon the order of the Bell County Brick Company on the 14th day of March, 1902, and presented its bill for the same, which was paid by the Bell County Brick Company, as follows:

" 'Bell County Brick Co., Belton, Texas.   Bought of R. L. Cox & Co., Beaumont, Texas, March 14, 1902:

" '155 bbls fuel oil at 41 cts, delivered.......................... $63.55

" 'Less Freight ........................................... 47.95

                                                                    _____

                                                                    $15.60

" 'Kindly return E-B for credit.   B-L forwarded yesterday.'

"7.   That at the date of the contract, the price of crude fuel oil in Beaumont, Jefferson County, Texas, was 10 cents per barrel, and the price of the same at the brick plant of Bell County Brick Company was 41 cents per barrel.

"8.   That none of the defendants in this suit reside in Bell County, Texas, and none of them resided in Bell County at the date of the institution of this suit; but that all of the defendants resided in other and different counties than the county of Bell, and so resided at the date of the filing of this suit.   And it is agreed that the County Court of Bell County did not err in sustaining defendant's plea of privilege, unless the contract sued upon was by its terms to be performed in Bell County, Texas."

It will be seen that the contract does not, by express terms, upon its face provide for performance in Bell County.   This, however, is not necessary in order to confer jurisdiction under the article above referred to.   "It is held that the question to be determined is whether the *legal effect and purport* of the written instrument is that it should be performed in the county where the suit is brought."   1 Sayles' Texas Civ. Prac., p. 256; Henry v. Fay, 2 App. C. C., secs. 834, 835.

In the case of Seley v. Williams, 20 Texas Civ. App.; 405, it is said: "It is to be observed that exception 5 to article 1194 does not provide that the contract in writing shall, by express words, require performance of the contract in a particular county; but if the contract be in writing, and must necessarily be executed in a county different from that of the domicile of the party contracting, then for breach of the contract, he may be sued in either of these counties."   See also Railway Co. v. Browne, 27 Texas Civ. App., 437.

We think the rule is correctly stated in the authorities cited.   Applying them to the contract and the facts offered in evidence in this case, we are unable to escape the conclusion that the legal effect and purport of the contract, interpreted in the light of the circumstances surrounding the parties and attending its execution, contemplated a delivery of the oil by appellees in Bell County, Texas.

The court therefore erred in sustaining the plea of privilege, and the judgment is therefore reversed and the cause remanded.

                                                        *Reversed and remanded.*