### CECIL v. FOX. (No. 8039.)

(Court of Civil Appeals of Texas. Dallas. Jan. 18, 1919.)

1. VENUE &#9758;32(2) — CONTRACT — COUNTY OF DOMICILE—WAIVER.

Contract for sale of stock of goods situated in certain county and providing for deposit by buyer and seller as forfeits of certified checks with bank situated in such county was by implication partly to be performed in such county, and buyer under Rev. St. 1911, art. 1830, § 5, waived privilege of being sued for breach in county of his residence.

2. EVIDENCE &#9758;10(2) — JUDICIAL KNOWLEDGE.

Court of Civil Appeals judicially knows that Corsicana is in Navarro county.

**3. VENUE ☞7—PERFORMANCE OF CONTRACT —PLACE OF PERFORMANCE BY IMPLICATION.**

Though contract may not plainly specify that it is to be performed in a certain place, yet if contract by its terms leads to no other conclusion but that it is performable in that place, then jurisdiction will be given to that place.

**4. APPEAL AND ERROR ☞134(2)—INTERLOCUTORY ORDER — PLEA OF PRIVILEGE — DISMISSAL.**

Where plaintiff contested defendant's plea of privilege to be sued in county of domicile by special and general demurrers, entry of order after hearing "that the general demurrer * * * be sustained," and that the "plea of privilege be, and the same is, overruled," and adjudging costs against defendant, was sufficient to support an appeal under Vernon's Ann. Civ. St. Supp. 1918, art. 1903.

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by Alexander Fox against C. W. Cecil and another. From ruling overruling plea of privilege of defendant named to be sued in the county of his residence, defendant named appeals. Affirmed.

Walker & Baker, of Cleburne, and Davis & Jester, of Corsicana, for appellant.

Richard Mays, of Corsicana, for appellee.

RAINEY, C. J. This suit was brought by appellee Fox against C. W. Cecil and Cecil & Co., the latter a corporation, both alleged to be residents of Johnson county, Tex., to recover a forfeiture of $1,000 for the breach of a contract. C. W. Cecil filed a plea of privilege to be sued in the county of his residence, which plea on a hearing was overruled, and from which ruling this appeal is taken.

Appellant's plea of privilege recites, among other things:

"First. That this defendant is now, and was at the time of the institution of this suit and service of citation, a resident of Johnson county, Tex., and that he is not now, and was not at the time of the institution of this suit or service of citation, a resident of Navarro county, Tex. Second. That none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 or in article 2308 of the Revised Civil Statutes exists in this cause" —but omitted to allege "nor at the time of filing of such plea."

Appellee contested the plea of privilege by demurrers, general and special. The said plea came on to be heard on the pleadings and evidence, and, after hearing the demurrers and evidence, it was taken under advisement pending the trial of case, and then the court rendered the following judgment:

"It is therefore ordered and adjudged by the court that the general demurrer to the defendant's plea of privilege be sustained. It is further ordered and adjudged by the court that, upon the evidence and merits of the case, said plea or privilege be, and the same is, overruled" —and adjudging costs against appellant.

The facts adduced on the hearing of the plea of privilege show that the district court of Navarro county had jurisdiction of C. W. Cecil to try this case. The contract entered into between appellant and appellee was reduced to writing, and provided for part of the contract to be performed in Navarro county, not in express words, but by implication, in the general agreement as follows:

"The said Fox agrees and obligates himself to sell and convey to the said Cecil all and entire the stock of goods, wares and merchandise situated in a two-story brick building, No. 106, on the west side of South Beaton street, in the city of Corsicana, Tex., now owned by him, together with all fixtures in said building, and used in connection with said stock of merchandise, except the shelving and three box counters and one safe. The property conveyed constitutes a general dry goods stock of merchandise. The said Cecil now agrees to purchase and receive said stock of merchandise from said Fox, and pay him therefor the sum of twenty thousand ($20,000.00) dollars."

[1, 2] This language says that this stock of goods is situated in a house in Corsicana, and we judicially know Corsicana is in Navarro county. The contract provides for appellee to deliver the stock of goods and for appellant to receive them, and no other place is specified in the contract at which they are to be delivered; therefore we are forced to the irresistible conclusion that the contract was at least partly performable in Navarro county.

Another part of the contract provides:

"It is further agreed, that both the said Fox and the said Cecil will and do put up as a forfeit, their certified checks, each in the sum of $1,000.00 payable to each other, and deposited with the Corsicana National Bank, as stakeholder, together with this contract to insure the performance of its terms."

This part of the contract provides for something to be done in Navarro county; that is, to deposit a certified check for $1,000 as a forfeit. This appellant has failed to do and for which he is liable, and he in this, as well as in the other, section of the contract, waived his privilege to be sued in the county of Johnson and made himself subject to section 5 of article 1830, Rev. St., which provides:

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

[3] Although a written contract may not plainly specify that it is to be performed in a certain place, yet if the contract, by its

terms, leads to no other conclusion but that it is performable in that place, then jurisdiction will be given to that place.

The case of Brick Co. v. Cox & Co., reported in 33 Tex. Civ. App. 292, 76 S. W. 607, in principle applies to this case and we think is decisive of it, and we quote from it as follows:

"It will be seen that the contract does not, by express terms, upon its face, provide for performance in Bell county. This, however, is not necessary in order to confer jurisdiction under the article above referred to. 'It is held that the question to be determined is whether the legal effect and purport of the written instrument is that it should be performed in the county where the suit is brought.' Sayles' Tex. Civ. Prac. vol. 1, p. 256; Henry v. Fay, 2 Willson, Civ. Cas. Ct. App. §§ 834, 835. In the case of Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399, it is said: 'It is to be observed that exception 5 to article 1194 does not provide that the contract in writing shall, by express words, require performance of the contract in a particular county; but if the contract be in writing, and must necessarily be executed in a county different from that of the domicile of the party contracting, then, for breach of the contract, he may be sued in either of these counties.' See, also, Ry. Co. v. Browne [27 Tex. Civ. App. 437] 66 S. W. 343. We think the rule is correctly stated in the authorities cited. Applying them to the contract and the facts offered in evidence in this case, we are unable to escape the conclusion that the legal effect and purport of the contract, interpreted in the light of the circumstances surrounding the parties and attending its execution, contemplated a delivery of the oil by appellees in Bell county, Tex."

[4] In the third proposition, sixth assignment, the appellant claims:

"As the court did not dismiss the plea of privilege or enter judgment sustaining the demurrer and heard the plea of privilege on its merits and overruled it, the judgment on the plea on the merits prevailed over the entry of the order on the demurrer. Merely sustaining the general demurrer without the entry of a judgment thereon dismissing the plea was ineffective and did not have the result of dismissing the plea of privilege. It was necessary for the court to go further and carry into effect his actions in sustaining the demurrer. As this was not done and the plea of privilege was overruled on its merits, the last order prevailed over the first one."

The court entered the following order:

"It is therefore ordered and adjudged by the court that the general demurrer to the demurrer to the defendant's plea of privilege be sustained. It is further ordered and adjudged by the court that upon the evidence and merits of the case the plea of privilege be and the same is overruled."

The court further adjudged that the costs expended as a result and disposition of the plea of privilege "for which plaintiff may have his execution." The officers of court were adjudged execution of costs, and this judgment was duly entered upon the minutes.

The appellant cites Land & Loan Co. v. Winter, 93 Tex. 560, 57 S. W. 39, in support of his contention. We think that that is a different case from the instant one. There no final judgment was entered as here. The law as then existed did not permit an appeal from an interlocutory order overruling a plea of privilege, and a similar order was not required in this case as in that. All that was necessary in this case was the entry on the minutes of what ruling was made by the court. The court was not making disposition of the parties to the suit, but was only settling one question, and the case had to remain on the docket for disposition until that question was settled by appeal. The order entered was sufficient to bring the case up on appeal or it could never have been determined, but as the law exists the overruling of the plea of privilege as in this case can be appealed from, and, in entering a judgment as was here done, an appeal will lie, and appellant's proposition is overruled. Article 1903, Vernon's Sayles' St. Supp. 1918.

We find no error in the judgment, and it is affirmed.