## PEACOCK MILITARY COLLEGE v. SCROGGINS. (No. 6422.)

(Court of Civil Appeals of Texas. San Antonio. June 2, 1920. Rehearing Denied June 23, 1920.)

**Venue ⚷7 — Action maintainable in county where contract was to be performed.**

Defendant, knowing from school catalogue obtained from plaintiff that all payments on account of pupils at plaintiff's school were declared payable in the county of the school, his answer to plaintiff's inquiry as to "enrollment per catalogue" that he would send his boy, followed by his doing so, and making a payment at such place, rendered him liable to suit there for the balance, though he lived in another county.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by the Peacock Military College against Ed. Scroggins. From judgment changing venue, plaintiff appeals. Reversed, and plea of privilege overruled.

Leonard Brown, W. H. Russell, and L. J. Gittinger, all of San Antonio, for appellant.

Hertzberg, Kercheville & Thomson, of San Antonio, for appellee.

FLY, C. J. Appellant sued appellee, a resident of Morris county, for a balance of $453.85 alleged to be due for tuition, laundry, board, uniform, light and fuel, books and enrollment fee for Dick Scroggins, the son of appellee. Appellee pleaded his privilege to be sued in Morris county, and from a judgment granting a change of venue to that county this appeal is prosecuted.

The facts are that appellee wrote to appellant to gain information about the school of appellant. A catalogue of the school was sent to appellee which contained, among other provisions, the following: "All transactions are conducted, and all accounts are made payable, in San Antonio, Bexar county, Texas." The letter asking for information was written on August 30, 1919, and in answer thereto, in addition to the catalogue, appellant wrote a letter saying there was room for the boy. On September 13, appellant wired appellee: "Answer by wire, correspondence regarding enrollment, per catalogue." To that message appellee answered by telegraph: "My son will be there with another student Wednesday." That answer was received by appellant on September 15, and the boy reached the school shortly thereafter. Afterwards an enrollment blank was sent by appellant to appellee which he refused to sign.

Appellee was charged with knowledge of the contents of the catalogue, and when in answer to the telegram of appellant he wired that he would send his boy to the school it carried with it an indorsement and acceptance of the telegram sent by appellant as to "enrollment per catalogue." He did not repudiate, but accepted, the terms as to place of payment, and acted on it in so far as to send $150 to appellant at San Antonio. The force of the telegram of September 13 is sought to be weakened by a statement that it was not received at once, but it is contradicted by the fact that a message was sent, undoubtedly in reply to appellant's message on September 15. Appellee is bound by the terms of the catalogue, the contents of which were imparted to him by his son. He afterwards read the catalogue, and does not pretend that the contents had been misrepresented or withheld by the son. He is bound by the terms of the catalogue, which made the amount of payments to appellant payable in San Antonio, and he acted on it, not only by sending his telegram, but by making a payment in San Antonio. Vidor v. Peacock, 145 S. W. 672; Hillyer v. Clark, 185 S. W. 1038.

The act of appellee in wiring that he had sent his son to school after receiving the message asking him to act under the terms of the catalogue, the failure to repudiate the terms of the catalogue after he was called upon to act thereunder and performing it in part by sending $150 to appellant, shows that appellee knew he was to pay in Bexar county, and not in Morris county. Brick Co. v. Cox, 33 Tex. Civ. App. 292, 76 S. W. 607.

On October 16, 1919, appellant wrote appellee that the catalogue had been mailed to him, and that he had accepted its conditions and had sent his son to the school, but had refused to sign the enrollment blank. Appellee did not in answer to that letter deny that he had accepted the terms of the catalogue, but refused to sign the enrollment blank because he thought appellant by asking him to sign it was doubting his ability or intention to pay. He promised, however, to pay in advance, and of course, as in the case of the other payment, at San Antonio. He at that time did not dream of payment anywhere else except in San Antonio, the place of performance of the contract, under the terms of the catalogue which he had accepted in his answer to the telegram sent by appellant.

The judgment changing the venue is reversed, and it is the order of this court that the plea of privilege be overruled, and that the cause proceed to trial in Bexar county in the court in which it is now pending.

---

⚷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes