### LATHAM v. CONTINENTAL SUPPLY CO.
#### (No. 6554.)

(Court of Civil Appeals of Texas. San Antonio. April 20, 1921.)

Venue  ⊶28 — Twelve months' residence in county held sufficient to support filing suit there.

In a suit against L. and M. in which L. filed plea of privilege claiming that he lived in another county, and that M. resided in another state as also did plaintiff, *held*, that the plea was properly overruled where it appeared that M. had an office in connection with his oil business and also a room in the county of suit and owned property in such county, and also owned a home there occupied by his married daughter, with whom he lived, and had been so living in the county for about 12 months when process was served on him, notwithstanding the fact that he had a wife and family and home in an adjoining state, where he owned the residence occupied by them, and went home as often as his business permitted.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by Continental Supply Company against J. H. Latham and another, in which the named defendant filed plea of privilege. From judgment overruling the plea, the named defendant appeals. Affirmed.

Chandler & Pannill, of Stephenville, for appellant.

Cooke, Dedmon & Potter, of Fort Worth, for appellee.

COBBS, J. This suit was brought to recover jointly of J. H. Latham and E. J. McJunkin the sum of $8,834.91 on an alleged joint liability. The suit was filed in the district court of Tarrant county, and J. H.

Latham filed a plea of privilege claiming his right to be sued in Erath county, where he resided, and that E. J. McJunkin resided in Tulsa, Okl., and that plaintiff resided in the state of Ohio at and before the institution of the suit, and suit therefore was improperly brought in Tarrant county.

The appellee filed a controverting affidavit alleging the venue properly lies in Tarrant county, Tex., because E. J. McJunkin, one of the defendants, resides in Tarrant county, and so resided at the filing of the suit and service of process thereof and at the time J. H. Latham filed his said plea.

The issue thus joined, the matter was submitted to the court without a jury, and the pleas were overruled, from which judgment the said J. H. Latham, the appellee appealed, and the case is here with alleged errors properly assigned.

Mr. McJunkin testified, among other things:

"My name is E. J. McJunkin, and I am one of the defendants in the case styled Continental Supply Company v. E. J. McJunkin et al. At the present time I live at 701 Cheyenne street, Tulsa, Okl. I have lived there about eight years. For the last year I have been in Texas, most of the time at Dublin and some of the time at Fort Worth. I have had an office in Fort Worth for something over one year. I was officing at Fort Worth at the time this suit was filed. I also had a room here. I have been here, if I remember, since September, practically all the time. I was actually living in Fort Worth at the time of the service of process on me in this suit and at the time of the filing of this suit. I have a family and have a home in Tulsa, Okl., and own the residence I have there, and have owned it for something like four or five years. My wife is there also. She stays there, but has been away temporarily a few times, but not for any length of time. I go home as often as my business permits. As to whether my presence in the city of Fort Worth is purely a temporary business matter, I will state that that would depend on the outcome of my leases, and so on. During the time that counsel has inquired about, I have spent my time around at different places, as my business called me. I have been at Dublin, Tex., looking after my interests in that part of the country, and also in Erath, Eastland, and Comanche counties. Later on last year my business called me here (Fort Worth). Wherever my business calls me, that is where I go and am."

He further testified that for the present he was in Fort Worth looking after his oil business, and if it were greater would move there; that he "never occupied a house in Tarrant county, but always had a room here." He owned property in Tarrant, and owns a home there occupied by his married daughter, with whom he lives. He had lived in Fort Worth and had been so living for a period of about 12 months when process in this suit was served on him.

If he was not a resident of Tarrant coun-

ty, but a nonresident of the state of Texas at the time of the institution of the suit, then the plea of privilege as to appellee should ha've been sustained. See Hudgins & Bro. v. Low et al., 42 Tex. Civ. App. 556, 94 S. W. 412, opinion by this court. But, if Mr. McJunkins had a residence in Fort Worth within the meaning of our statutes and decisions construing the same, the suit was properly brought in Tarrant county, notwithstanding Mr. McJunkin may likewise have claimed another residence without or within the state of Texas, and the trial court found that he did have a residence in Tarrant county, Tex. As said by our Supreme Court in Pearson v. West, 97 Tex. 243, 77 S. W. 944:

"The statute required that West should be sued in the county of his residence, and of this right he could not be deprived, but, as he had a residence in each of two counties at the same time, the law was satisfied by a suit at either place. The object was to bring litigation to the home of the defendant, which is done by suing in either county in which he resides. * * * The right to sue in Bexar County was just as certain as in Live Oak County, and the court will not control a plaintiff in his choice between two places when he may sue in either. Carro v. Carro, 60 Tex. 395."

In the case of Taylor v. Wilson, 93 S. W. 109, defendant was sued in Liberty county, and he timely presented his plea of privilege to be sued in Jefferson county where he claimed his Texas residence to be. The plea was controverted, and the facts showed that defendant for about 14 months prior to the institution of the suit in Liberty county, had been engaged in the oil business in Beaumont; that he resided with his family and maintained a home in White Plains, N. Y., where he still had business and occasionally visited his family there, was living there when he engaged in business in Beaumont, and did not know how long he would continue in business in Beaumont. Upon these facts the trial court overruled the plea of privilege. Upon appeal the Court of Appeals held that the plea of privilege should have been sustained, and reversed the judgment of the trial court and dismissed the suit. However, for reason stated, the Court of Civil Appeals certified the question to the Supreme Court for decision, and the question was answered in Taylor v. Wilson, reported in 99 Tex. 651, 93 S. W. 109. The Supreme Court held that the Court of Civil Appeals did not err in its holding, and said:

"The statute only requires that the suit be brought in the county of defendant's residence, and this is not violated by suit in the county of either of such residences where there are more than one in the state. But here there is only one residence in the state, and it is a violation of the statute to sue anywhere but in the county where it is situated, unless the fact of another residence out of the state ought, under the statute, to affect the venue of suits in our courts. The question which thus arises is different from the one involved in the cases referred to. Residence of the defendant in the state determines the venue of suits in our courts, while his residence out of the state cannot do so."

It will be seen from what we have said it is our opinion that the suit was properly instituted in Tarrant county, and the assignments of error are overruled, and the judgment of the court is affirmed.

&#8660;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes