**WRENN v. BROOKS. (No. 29.)**

(Court of Civil Appeals of Texas. Waco. Dec. 6, 1923. Rehearing Denied Jan. 10, 1924.)

1. **Pleading ⟡111—Judgment overruling plea of privilege affirmed if court's jurisdiction on either ground alleged is supported by testimony.**

If the trial court's jurisdiction, either on the ground that defendant was a resident of the county in which the suit was brought, or that the contract sued on was to be performed therein, is supported by the testimony, a general judgment overruling a plea of privilege should be affirmed.

2. **Venue ⟡7—Suit for salary due under employment contract outside county of employer's residence held not permissible.**

A contract of employment in a designated county for a stipulated salary, without any provision as to where it was to be paid, *held* not performable in such county within Rev. St. art. 1830, subd. 5, so as to permit a salary suit against the employer outside the county of his residence.

3. **Venue ⟡7—Contract may be sued on wherever performable in part.**

A contract may be sued on wherever it can be fairly construed as performable in part.

4. **Venue ⟡7—Portion of contract involved in suit must be performable in county where suit is brought.**

To sue on a contract, it must appear that the portion involved is performable in the county where suit is brought.

5. **Venue ⟡28—Defendant may have residence in several counties for jurisdictional purposes.**

For the purpose of acquiring jurisdiction, a party may have his residence in two or more counties and be sued in either.

6. **Appeal and error ⟡1024(3)—Finding as to county of defendant's residence not disturbed if supported by sufficient evidence.**

The trial court's finding as to the county of a defendant's residence will not be disturbed if supported by sufficient evidence.

7. **Pleading ⟡111—Judgment overruling plea of privilege held warranted by evidence.**

Evidence as to the county of defendant's residence *held* sufficient to support a judgment overruling a plea of privilege.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by W. J. Brooks against H. E. Wrenn and another. From a judgment overruling a plea of privilege, the named defendant appeals. Affirmed.

Nat Llewellyn, of Marlin, for appellant. John McGlasson, of Waco, for appellee.

BARCUS, J. On July 2, 1921, appellee filed this suit for salary he claimed due him by appellant H. E. Wrenn and T. J. Kelly, alleging that appellant was a resident citizen of Falls county, and that T. J. Kelly was a resident citizen of McLennan county. No service was had on T. J. Kelly.

Appellant filed a plea of privilege in statutory form, alleging that his residence and domicile were in Falls county, and that T. J. Kelly was not a resident of McLennan county at the time suit was instituted nor at any time since, but that Kelly's residence was in Ada, Okl.

Appellee filed a controverting affidavit, contending that the district court of McLennan county had jurisdiction because T. J. Kelly at the time the suit was filed was a resident citizen of McLennan county; and, further, that the court had jurisdiction because plaintiff was suing upon a written contract entered into by and between plaintiff and defendants, which was to be performed in McLennan county.

The appellant's plea of privilege was heard before the court, and the court, after hearing the pleadings and the controverting affidavit and the testimony, entered a general judgment, overruling the plea of privilege, and from said judgment this appeal is prosecuted.

[1] The trial court having entered a general judgment, if either ground of jurisdiction claimed by appellee is supported by the testimony, the judgment should be affirmed.

[2] The statement of facts shows that T. J. Kelly and H. E. Wrenn constituted a partnership, organized to conduct a general domestic and export cotton business, with their head office in Waco, McLennan county. They made a written contract with appellee, whereby they employed him to work for them at their office in Waco for a period of one year, beginning July 1, 1920, and ending June 30, 1921, for a salary of $5,000. The contract does not state where the salary is to be paid.

We do not believe that this is such a contract as comes under subdivision 5 of article 1830 of the Revised Statutes, which will permit a defendant to be sued outside of the county of his residence.

[3] The question as to where a contract under its terms is to be performed has been the source of a great deal of litigation. The established law in Texas now seems to be that wherever, by a fair construction of the contract, it can be construed as performable in part, suit may be maintained, following the cases of Seley v. Williams (Tex. Civ. App.) 50 S. W. 399; Bell County Brick Co. v. Cox, 33 Tex. Civ. App. 292, 76 S. W. 607;

---

⟡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Gaddy v. Smith (Tex. Civ. App.) 116 S. W. 164; and that line of authorities.

[4] It is equally well settled that before a suit can be maintained upon a contract, it must appear that. the portion of the contract involved in the suit is performable in the county where the suit is brought. Under the contract in this case, appellee was to and did work for the appellant and Kelly in McLennan county. The contract, however, does not in any way intimate or suggest that he was to receive his pay or be paid in McLennan county, or that appellant and Kelly in any way obligated themselves to pay his salary in McLennan county. This suit is for a balance which appellee claims is due him for salary under said contract, and we think falls within the rule laid down in McCammant v. Webb (Tex. Civ. App.) 147 S. W. 693; Ogburn-Dalchau Lumber Co. v. Taylor. 59 Tex. Civ. App. 442, 126 S. W. 48; Russell v. Green, 214 S. W. 448; .Lasater v. Waits, 95 Tex. 553, 68 S. W. 500; Casey v. Carr (Tex. Civ. App.) 148 S. W. 601; Vaidespino v. Dorrance & Co. (Tex. Civ. App.) 207 S. W. 649; and that line of cases.

[5] For the purpose of acquiring jurisdiction in a suit, a party may have his residence in two or more counties, and he may be sued in either one. Pearson v. West, 97 Tex. 238, 77 S. W. 944; Armstrong v. King (Tex. Civ. App.) 130 S. W. 629; Banks v. Blake (Tex. Civ. App.) 143 S. W. 1183; Smith v. Farmer (Tex. Civ. App.) 226 S. W. 485; Latham v. Continental Supply Co. (Tex. Civ. App.) 230 S. W. 230; Funk v. Walker (Tex. Civ. App.) 241 S. W. 720.

[6, 7] The testimony raises the issue as to whether T. J. Kelly was a resident of McLennan county when this suit was filed. On or about the 2d day of July, 1921, he was a member of the firm of Kelly & Wrenn, whose head office was in Waco, McLennan county. He was a married man, and he and his wife had been living in Waco for a year or 18 months. He had been making trips to Oklahoma at different times from February to July, 1921, spending part of the time in Oklahoma and spending part of the time in Waco. His trips to Oklahoma were for the purpose of purchasing and shipping cotton. He went to Oklahoma first in February, 1921, but only took a few of his things; he spent part of his time in Waco and part in Oklahoma after that; and finally, on the 1st or 2d of July, 1921, moved all of his things to Oklahoma, at that time taking his office supplies. At that time he was married and his wife was living in Waco. She testified they were not living together and that she was divorced from Mr. Kelly a couple of months thereafter.

The case of Latham v. Continental Supply Co. (Tex. Civ. App.) 230 S. W. 230, in some respects resembles this case. In that case one of the defendants had his home in Oklahoma but was living in Fort Worth, conducting an oil business; and the court held that his residence was such as to give the court in Tarrant county jurisdiction of his codefendants.

In the trial court it was an issue of fact as to whether Kelly at the time this suit was filed on July 2, 1921, was a resident of McLennan county, as contemplated by the statutes. If there is sufficient evidence to support the finding of the trial court, this court is not authorized to disturb the trial court's judgment. P. & N. Ry. Co. v. Thompson, 106 Tex. 456, 167 S. W. 801.

Since in our opinion there is evidence to support the judgment of the trial court, we affirm its judgment.