## PIERCE PETROLEUM CORPORATION v. WRIGHT.

### No. 3389.

Court of Civil Appeals of Texas. Amarillo.
April 9, 1930.

Rehearing Denied May 7, 1930.

Canty, Hanger & McMahon and F. T. Denny, all of Fort Worth, for appellant.

Levens, McWhorter & Howard, of Lubbock, for appellee.

JACKSON, J.

This suit was instituted in the district court of Dallas county, Tex., by the Pierce Oil Corporation against L. B. Wright.

The suit is based on a written contract made and entered into between the plaintiff and the defendant, under the terms of which plaintiff alleges that the defendant is due it a balance of $951.64.

Plaintiff sufficiently alleges the contract, its terms and conditions and attaches to and, makes a part of its petition, a copy thereof. In addition to pleading the contract generally, plaintiff set up certain provisions of the contract upon which it relied to fix the venue of the case in Dallas county, Tex.

In due time and in proper form, the defendant filed his plea of privilege to be sued in Lubbock county, Tex., the county of his residence.

The plaintiff filed its controverting affidavit to the defendant's plea of privilege urging that the venue of the case was properly laid in Dallas county, Tex., under subdivision 5, article 1995, R. C. S.

The hearing on the plea of privilege was set by the court, the defendant notified thereof, a hearing had thereon, resulting in a judgment sustaining the defendant's plea of privilege, and ordering the case transferred to Lubbock county, Tex. From this judgment, the plaintiff prosecutes this appeal.

The contract, so far as it is material to, a disposition of the questions presented to this court, shows that the plaintiff is a corporation existing by virtue of the laws of the state of Delaware and duly authorized to do business within the state of Texas, and that its principal office in this state is located at Dallas, Tex.; that L. B. Wright was appointed as plaintiff's agent at Tulia, Tex., for the purpose of, and subject to, the terms, conditions and limitations specified in the contract to sell for it, on commission, the commodities specified therein.

That the defendant is to perform various duties and assume various obligations and is to receive certain commissions on the various commodities which he is authorized to sell; that certain expenses incurred by the defendant are to be paid by the plaintiff, but no such expense not expressly provided for in the contract shall be paid by the plaintiff unless written authority for incurring such expense is first obtained from the division manager; that the defendant is not allowed to sell commodities on credit without he obtains express authority from the credit department of the division in which he is employed: that the current accounts will be kept at the division office; that each sale made by the defendant shall be evidenced by an invoice bearing the true date of the sale, which shall be mailed to the division manager on the date of the delivery of the commodity sold; that the defendant shall be responsible and liable to the plaintiff for the payment, in full, of all checks received in payment for commodities delivered, except those made on credit; that title to the records or other property coming into the possession of the defendant by virtue of his agency shall remain in the plaintiff; that all deliveries or sales of commodities by the agent shall be made and invoiced in the name of the plaintiff and all moneys received by him shall be promptly remitted, in full, to the division office, and that all the commissions due the plaintiff will be paid from the division office as soon after the first of each month as that office can determine the amount of commission due under the contract.

The record discloses that the defendant and the plaintiff executed this contract; that the

entire state of Texas is included in the Texas division and that Tulia is included in said division with a division manager at its principal place of business at Dallas, Tex.; that there is no other division office in the state; that all transactions between the plaintiff and the defendant, including collections, credit matters, and other matters were handled at Dallas, and that the defendant made remittance to the office at Dallas, Tex.

In our opinion, the legal effect of the contract, construed in the light of the facts and circumstances surrounding the plaintiff and the defendant in its execution, and the acts and conduct of the parties in performing the terms thereof, authorized the plaintiff to maintain its suit in Dallas county, Tex.

"It will be seen that the contract does not, by express terms, upon its face, provide for performance in Bell county. This, however, is not necessary in order to confer jurisdiction under the article above referred to. 'It is held that the question to be determined is whether the legal effect and purport of the written instrument is that it should be performed in the county where the suit is brought.' Sayles' Tex. Civ. Prac., vol. 1, p. 256; Henry v. Fay, 2 Willson, Civ. Cas. Ct. App. §§ 834, 835. In the case of Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399, it is said: 'It is to be observed that exception 5 to article 1194 does not provide that the contract in writing shall, by express words, require performance of the contract in a particular county; but if the contract be in writing, and must necessarily be executed in a county different from that of the domicile of the party contracting, then, for breach of the contract, he may be sued in either of these counties.' See, also, Ry. Co. v. Browne [27 Tex. Civ. App. 437], 66 S. W. 341; 343. We think-the rule is correctly stated in the authorities cited. Applying them to the contract and the facts offered in evidence in this case, we are unable to escape the conclusion that the legal effect and purport of the contract, interpreted in the light of the circumstances surrounding the parties and attending its execution, contemplated a delivery of the oil by appellees in Bell county, Tex." Bell County Brick Co. v. R. L. Cox & Co., 33 Tex. Civ. App. 292, 76 S. W. 607, 609.

See, also, Peacock Military College v. Scroggins (Tex. Civ. App.) 223 S. W. 232; Metropolitan Loan Company v. Reeves (Tex. Civ. App.) 236 S. W. 762; Trapshooter Development Co. v. Whitton Oil & Gas Co. (Tex. Civ. App.) 263 S. W. 622.

The appellee has furnished us with no brief, and, under the facts disclosed by the record and the authorities cited, it is our opinion that the trial court committed error in sustaining the plea of privilege, and the judgment is reversed and the cause remanded.