## ALEXANDER v. PASCHEN.
### No. 8458.

Court of Civil Appeals of Texas. San Antonio.

June 4, 1930.

Looney & Bell, of Edinburg, for appellant.

J. C. Epperson, of Edinburg, and Bliss & Daffan, of San Antonio, for appellee.

## COBBS, J.

Appellant brings this suit in Hidalgo county against appellee to recover a certain sum of money upon the following stipulation, shown in a written contract, to wit: "If said Party of the Second Part is requested by said Party of the First Part to deliver possession of said premises to said Party of the First Part within thirty days from the date of this agreement, and Second Party thereupon does actually deliver possession thereof unto First Party, then Party of the First Part agrees to pay unto Party of the Second Part the sum of Two Thousand Dollars, at the time and on the date when the deed to the said premises being held in escrow at the Edinburg State Bank & Trust Company is delivered to the purchaser and out of any money that such purchaser may pay at the time of such delivery of such deed; provided, however, that if said Party of the First Part requests said Party of the Second Part to deliver possession of only a part or parts of said real estate and premises, then the amount to be paid to said Party of the Second Part by Party of the First Part shall be reduced and shall be in the same ratio as the acreage so asked to be relinquished bears to the whole acreage of said 100 acres."

For a determination of the issue involved in the contract as to whether there is a promise to pay and perform the contract in Hidalgo county, particular attention is called to the language of the contract that if "a sale or sales of said premises involves the necessity of Party of the Second Part giving up possession of said premises and said Party of the Second Part is notified by Party of the First Part to give up possession of the whole or any part or parts of said premises, then in such an event, Party of the Second Part hereby expressly covenants and agrees to relinquish and give up possession as tenant unto said party of the First Part of said premises immediately upon such notice, and in accordance with such notice and in consideration of such immediate and peaceable relinquishment of the possession thereof unto Party of the First Part, the said Party of the First Part agrees to pay unto said Party of the Second Part the following amounts in the manner and at the times as follows. * * *" And it goes on to further recite that if "Second Party thereupon does actually deliver possession thereof unto First Party, then Party of the First Part agrees to pay unto Party of the Second Part the sum of Two Thousand Dollars, at the time and on the date when the deed to the said premises being held in escrow at the Edinburg State Bank & Trust Company is delivered to the purchaser."

It is too clear for discussion that the delivery of the deed and the payment of the money through the Edinburg Bank was a contemporaneous transaction and was an agreement to perform the contract in Hidalgo county. If it was not an express agreement to pay the money at the time of the delivery of the deed, it was a promise to do so by implication. Article 1995, R. S.; Pittman & Harrison Co. v. Robey & Co. (Tex. Civ. App.) 234 S. W. 1114; Cecil v. Fox (Tex. Civ. App.) 208 S. W. 954; Gambrell v. Tatum (Tex. Civ. App.) 228 S. W. 287; Metropolitan Loan Co. v. Reeves et al. (Tex. Civ. App.) 236 S. W. 762; Trapshooter Development Co. et al. v. Whitton Oil & Gas Co. (Tex. Civ. App.) 263 S. W. 622; Bell County Brick Co. v. R. L. Cox & Co., 33 Tex. Civ. App. 292, 76 S. W. 607; Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399; Darragh et al. v. O'Connor et al. (Tex. Civ. App.) 69 S. W. 644.

We have no doubt as to the question of venue whatever, and therefore reverse the judgment of the trial court, and remand the cause for trial in the district court of Hidalgo county.

Reversed and remanded.