### WHITE v. PEROT et al.
### No. 2134.

Court of Civil Appeals of Texas. Beaumont.
Oct. 26, 1931.

Rehearing Denied Nov. 4, 1931.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellant.

Trippett, Richey & Sheehy, of Waco, for appellees.

O'QUINN, J.

This suit was instituted in Jefferson county, Tex., by the appellant, D. White, against O. B. Perot and R. Q. Travers, who were alleged to reside in Waco, McLennan county, Tex., and the Western National Insurance Company, a corporation having its domicile in Fort Worth, Tarrant county, Tex. The plaintiff alleged Perot and Travers were operating an insurance business in the state of Texas under the name of Texas National Life & Accident Insurance Company as a partnership, and joint-stock association, with its office at Waco, Tex., and that the defendants Perot and Travers were the sole owners thereof. The plaintiff further alleged that in April, 1928, the defendants Perot and Travers had made a written contract with him, plaintiff, which contract was one between the defendants acting as an insurance company operating under the name of Texas National Life & Accident Insurance Company, and the plaintiff, D. White, as agent and manager of the said defendants, which agreement and contract covered several counties, and included the cities of Orange, Beaumont, Port Arthur, and all territory within a radius of fifty miles from Beaumont, Tex. The suit was to recover damages alleged to have resulted from a breach of said contract by the defendants.

The defendants, Perot and Travers, filed their plea of privilege asking that the venue of the suit be transferred to the county of their residence, to wit, McLennan county, Tex. The plaintiff filed a controverting affidavit to said plea of privilege, and invoked section 5 of article 1995, R. S. 1925, in that the defendants in the said contract with plaintiff had obligated themselves to pay plaintiff his commission for his services rendered under said contract in the city of Beaumont, Jefferson county, Tex. A copy of the contract in question was attached to the controverting affidavit, as it was also to the petition of plaintiff.

On a hearing, the court sustained the plea of privilege, and ordered the cause transferred to the district court of McLennan county, Tex. From this order and judgment plaintiff has appealed.

The written contract in question was one between the defendants and plaintiff wherein the defendant made and appointed plaintiff their manager in the conduct of their insurance business in the territory set out, which included the city of Beaumont in Jefferson county, Tex. Said contract, among other things, in stipulating the duties of plaintiff as manager of defendants, provided:

"Manager's Agreement

"1. In consideration of my appointment as Manager for the Texas National Life & Accident Insurance Company, I hereby agree as follows:

"2. To solicit insurance and to collect premiums regularly each week and to properly supervise such soliciting and collecting by agents who may be appointed under my supervision. To obey the orders and carry out the instructions of the company and to use my best efforts at all times to promote its interest and further its success.

"3. To keep true accounts of the business in such books as may be furnished me by the Company, and to remit to the Home Office promptly every week, at the time required, and on the forms furnished by the Company, a true and correct account of all money received by me, with the cash received by me and all agents who may be working under my supervision, all of whose accounts and collections I am to be responsible to the Company for, less authorized deductions and to pay all charges incident to sending moneys and parcels, postage, license or bond fees, and all other charges necessary to carry on my agency."

In said contract the defendants agreed to pay plaintiff for his services as follows:

"And the Company Agrees as Follows

"In consideration of such services being faithfully performed and this agreement being faithfully fulfilled, and kept by said Manager, to pay, in commissions only, deductable from weekly premium collections, in accordance with the following scale: [Then follows the schedule of commissions.]"

The only question in the case is, Did the promise to pay plaintiff his commission by authorizing him, in making weekly reports of the premiums collected and in remitting said collections, to deduct therefrom his commission at Beaumont, constitute a contract on the part of defendants to perform an obligation in Jefferson county, Tex.—in other words, to pay plaintiff his commission at Beaumont? If so, the judgment is erroneous, and should be reversed, if not so, then the judgment should be affirmed.

The defendants promised to pay plaintiff a commission for his services. The contract made it the duty of plaintiff as manager of defendants to "keep true accounts of the business in such books as may be furnished me by the company, and to remit the Home Office promptly every week, at the time required, and on the forms furnished by the Company, a true and correct account of all money received by me, with the cash received by me and all agents who may be working under my supervision, all of whose accounts and collections I am to be responsible to the

company for, less authorized deductions," and obligated the defendants "in consideration of such services being faithfully performed and this agreement being faithfully fulfilled and kept by said Manager, to pay, in commissions only, deductable from weekly premium collections in accordance with the following scale."

We think the contract clearly obligated the defendants to pay plaintiff his commission at Beaumont in Jefferson county, Tex. In requiring him to remit weekly collections of premiums, they authorized him to deduct out of whatever sum he may have collected his pay—his commission. It is their promise to pay him his commission before he remits his collections. He has the money in his possession in Jefferson county; he is to make his weekly reports and remittances from Beaumont in Jefferson county; and in doing so he, by the authority of and per his contract with defendants, retains his promised pay, the contract so providing. This is the same as if defendants had been present and had then and there handed him his commission.

Furthermore, while it is true plaintiff himself acts in retaining his commission, still he is doing for defendants what they had contracted themselves to do, and is acting for them in the very terms of their contract, paying him his commission. The contract provides for the payment of commission to plaintiff, and also specifies the manner of payment, the same to be done in Jefferson county, and no other place is specified. Defendants intended this to be the payment of the commission promised in the contract. Gambrell v. Tatum (Tex. Civ. App.) 228 S. W. 287, 290; Cecil v. Fox (Tex. Civ. App.) 208 S. W. 954. Moreover, the contract obligated defendants to pay plaintiff a commission, and, if it can be said that the contract does not clearly stipulate where the payment is to be made, yet we think the performance of such obligation in Jefferson county is a necessary implication from the context of the instrument, and should therefore be held to answer the demand of the statute. Metropolitan Loan Co. v. Reeves (Tex. Civ. App.) 236 S. W. 762; Cecil v. Fox (Tex. Civ. App.) 208 S. W. 954; Bell County Brick Co. v. Cox, 33 Tex. Civ. App. 292, 76 S. W. 607; Gottlieb v. Dismukes (Tex. Civ. App.) 230 S. W. 792.

As sustaining the contention of defendants and the judgment, they particularly call our attention to:

(a) Cerf v. Mings (Tex. Civ. App.) 15 S.W. (2d) 91, which appellees say is squarely in point in the instant case. That was a suit in district court of Coryell county, Tex., by Mings against Cerf and the Pacific Mutual Life Insurance Company of California, a foreign corporation, to recover commissions

on insurance written by Mings. Cerf filed his plea of privilege to be sued in Tarrant county, Tex., the county of his residence. Mings contested said plea on the ground (a) that the suit was based upon a written contract performable in Coryell county where the suit was brought, and (b) that the Pacific Mutual Life Insurance Company was properly sued in Coryell county. The court overruled the plea. The record showed that Cerf was the general agent of said insurance company, and that he resided at Fort Worth, Tarrant county; that Cerf entered into a written contract with Mings whereby Mings was employed by Cerf to solicit applications for insurance in said insurance company, forward same to Cerf, and to act generally as local agent in Coryell county in promoting the interest of said insurance company. The contract provided: "Sec. 3. Subject to the provisions of this agreement, the General Agent hereby agrees to pay or allow the agent the following commissions on first year's premiums reported and paid in cash to the General Agent on business done by or through the agent, the same to be in full of all claims on account of services and expenses."

Then follows the rate of commission on the premiums to be paid on the different classes of policies. The contract also provides: "The Agent shall have renewals as follows."

Then follows, with certain exceptions, the rate of commissions to be paid on renewal premiums. The contract further provides: "Sec. 10. The Agent shall not have under this appointment any claim whatever for commissions or other services against Pacific Mutual Life Insurance Company of California."

It will be noted that said contract contained no provisions as to how, when, or where the commissions were to be paid, nor could same be implied from the context of the instrument. Not so in the instant case. The contract here plainly stated how, when, and where commissions were to be paid. They were to be deducted out of and from the premiums collected at Beaumont, Jefferson county, before remittance, and by the person defendants authorized to make said deductions. It is thus seen that the Cerf v. Mings Case has no application to the facts of the instant case.

(b) Wrenn v. Brooks (Tex. Civ. App.) 257 S. W. 299. In this case Brooks sued Wren in the district court of McLennan county, Tex., for salary he claimed Wren and one Kelly owed him, alleging that Wren resided in Falls county, Tex., and that Kelly resides in McLennan county, Tex. Wren filed a plea of privilege, stating that he resided in Falls county, and that Kelly did not reside in McLennan county at the time suit was filed, nor at any time since, but he resided at Ada,

Okl. Brooks filed a controverting affidavit, contending that venue lay in McLennan county because (a) at the time of the filing of the suit Kelly did reside in said McLennan county, and (b) because he (Brooks) was suing upon a written contract in which the defendants had promised to perform in McLennan county. The court overruled the plea. The statement of facts showed that Wren and Kelly constituted a partnership to conduct a general domestic and export cotton business, with their head office at Waco, McLennan county. Their written contract employed Brooks to work for them at their office in Waco for one year at a salary of $5,000. The contract did not state where the salary was to be paid. So this case, under the facts, does not apply to the instant case, for here, as beforesaid the contract does provide how, when, and where the commission is to be paid. The instant contract plainly says that they will pay plaintiff a commission, and that he is to deduct same from his collection of premiums, he thus doing for defendants what they had contracted to do and in the manner they had in writing authorized him to do—his act being their act, for one who acts through another acts through himself.

The judgment is reversed and the cause remanded to the trial court for a trial upon the merits of the case.

Reversed and remanded.